(118 App. Div. 516)

### MENDLESON et al. v. VAN RENSSELAER.

(Supreme Court, Appellate Division, Third Department. March 28, 1907.)

1. DAMAGES—EVIDENCE—WEIGHT AND SUFFICIENCY—DAMAGE TO PROPERTY.

In an action for damages due to a collision between plaintiffs' carriage and defendant's automobile, evidence as to the amount of damage examined, and *held* insufficient to sustain the judgment for plaintiffs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 511.]

2. MUNICIPAL CORPORATIONS—USE OF STREET—NEGLIGENCE—QUESTIONS FOR JURY.

In an action for damages due to defendant's automobile colliding with plaintiffs' carriage, going in the same direction, question whether defendant was negligent in attempting to pass plaintiffs on the left, as the law provides, near a corner which they were approaching, when he knew that if plaintiffs should turn the corner a collision would occur, and that a delay of a few moments would show whether the plaintiffs were to turn or not, was a question for the jury.

3. SAME.

Under the conditions, the question whether defendant gave a sufficient warning, or whether he properly managed his machine in attempting to pass the plaintiffs at this point, was a question of fact for the jury.

4. SAME—CONTRIBUTORY NEGLIGENCE.

Where defendant's automobile collided with plaintiffs' carriage in attempting to pass when plaintiffs were turning a corner, the question whether plaintiffs, in attempting to turn the corner by keeping to the left in the usual beaten path, when the law required them to keep to the right, were guilty of contributory negligence, was a question for the jury.

Cochrane, J., dissenting.

Appeal from City Court of Albany, Special Term.

Action by Rosalie Mendleson and others against Howard Van Rensselaer. From a judgment of the County Court reversing the judgment of the City Court for plaintiffs, they appeal. Modified.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Dugan & Cook (Daniel J. Dugan, of counsel), for appellants.

Tracy, Cooper & Townsend (Frederick Townsend and Charles H. F. Reilly, of counsel), for respondent.

JOHN M. KELLOGG, J.   The plaintiffs' closed carriage was driving along the highway approaching a road intersecting it from the left at an acute angle as they approached it.   The defendant, with his automobile, was traveling in the same direction.   Plaintiffs' carriage, in turning from the road into the intersecting road, did not turn to the right of the center of the intersection of the two roads, as required by subdivision C of section 157 of the Highway Law, chapter 568, p. 1205, Laws 1890, as amended by chapter 96, p. 330, Laws 1902, but it followed the usual line of travel, and began to turn to the left before it arrived at the intersection of the roads.   Just before plaintiffs began to turn to the left, the defendant's automobile turned to the left for the purpose of passing the plaintiffs, and near the point of intersection of the roads a collision took place, and plaintiffs' carriage and horse and the defendant's automobile were injured, and each party seeks to recover damages from the other on the ground of negligence.

I think the County Court was justified in reversing the plaintiffs' judgment, but not in dismissing the complaint.   Plaintiffs expended for repairing the carriage $27.25, and it was then evidently in better condition than it was before the accident.   They paid $18 for treating the horse, and the only alleged injury remaining to the horse is that it is timid, restless, and difficult to manage when near an automobile. The witness as to the damage and repairs to the carriage, while admitting its present condition, swore that before the accident it was worth from $250 to $300, and after the accident but $50 or $100, because a wagon that had gone through an accident would not sell for as much as it otherwise would.   The witness called to show the injury to the horse swore that a family horse was worth $250; that he had seen this horse in his stable where it was kept, but he had not seen it outside; that, if the horse shied and was uneasy and nervous when around an automobile, as a family horse it was worth but from $50 to $75.   The evidence as to the amount of damage sustained by the injury to the horse and the carriage is unsatisfactory.   As to the carriage, aside from the repairs, the alleged damage was purely fanciful and not worthy of consideration.   The defendant was not required to pay the difference in value of the horse before and after the accident, treating it only as a family horse.   The damages are excessive, and are not founded upon any satisfactory basis, and the judgment of the City Court was properly reversed.

The law of the road, above cited, required the plaintiffs in turning the corner to the left to pass to the right of the intersection of the two roads, and subdivision B of that statute required the defendant to pass the plaintiffs upon the left.   Section 4 of the Motor Vehicle Law, chapter 538, p. 1315, Laws 1904, recognizes the same rule.   The defendant was familiar with these roads, and we may assume knew these statutory provisions.   He knew that if the plaintiffs were to

turn the corner which they were approaching, and he attempted to pass them on the left, as the statute contemplates, that it would probably cause a collision if they were near the intersection at the same time. If there had been no intersecting highway, the defendant could have passed in safety; but it is a fair question of fact whether in attempting to pass the plaintiffs in the immediate vicinity, and while approaching this intersection from the left, he was not guilty of negligence. A delay of a few moments would have enabled him to determine whether the plaintiffs were to turn the corner or not, and it may not be unreasonable to say that there were sufficient opportunities to pass a team without attempting to pass at a point and upon a side where the plaintiffs might desire to turn upon a connecting road. I think, therefore, the question as to whether the defendant gave a sufficient warning, and whether he properly managed his machine in attempting to pass the plaintiffs at this particular point, were fair questions of fact.

It is evident that the plaintiffs were not entirely to the right side of the intersecting point of the roads, but it is not clear that that fact had anything to do with the injury. We cannot say as a matter of law that the plaintiffs, in attempting to turn this corner in the usual beaten path, when they saw no carriage upon the cross-road approaching them, were guilty of negligence. Perhaps it was reasonable for them to suppose that no one would attempt to pass them from the rear at this corner, and thus invite a collision. Plaintiffs' violation of the statute was some evidence of negligence, but all the other facts making up the situation as it then was must be considered in determining whether they acted with due care. If the plaintiffs were negligent, it is still a question of fact whether such negligence contributed as a cause to the injury. It was therefore a question of fact and not of law whether the plaintiffs were guilty of negligence which contributed as a cause to the injury.

The judgment of the County Court is modified, by striking therefrom the part thereof directing a dismissal of the complaint and the award of costs to the appellant, and inserting in lieu thereof that a new trial is ordered before the City Court at a time to be specified, with costs to the defendant to abide the event, and as so modified said judgment is affirmed, with costs to the appellants to abide the event. All concur, except COCHRANE, J.

COCHRANE, J. (dissenting). I agree with Mr. Justice KELLOGG that the questions of negligence both of the plaintiffs and defendant were questions of fact; but I also think that not only those questions, but also the question of damages, were well decided by the City Court. The damage to the plaintiffs' wagon was $27.25, and no more. Only one witness testified as to the amount of damage to the horse. He was acquainted with the horse in question, and testified that its reasonable market value before the accident was $250. He was then asked a hypothetical question as to the value of a horse displaying such traits and characteristics as the plaintiffs' witnesses testified that the horse in question developed after the accident, and in answer thereto stated that the general market value of such a horse

was from $50 to $75. He also testified that the reasonable value of the services of the veterinary surgeon was $18. The testimony of this witness was uncontradicted, although, if untrue, it was susceptible of contradiction. There was no question raised that plaintiffs' method of proving these damages was incorrect. Assuming, as the City Court was at liberty to assume, the truthfulness of the plaintiffs' witnesses in describing the characteristics of the horse as developed after the accident, I do not see how, in fairness to the plaintiffs, it can be said that the judgment is excessive. The testimony of the only witness as to the amount of damages to the horse showed such damage to be not less than $175, which, with the $18 for veterinary services and $27.25 for the wagon, aggregated the amount of $220.25 damages awarded the plaintiffs. Defendant was apprised by bill of particulars of the specific items of damages claimed, but offered no evidence in reference thereto. Apparently he was content to permit that branch of the case to go practically by default. A party should not be permitted to suffer one feature of the case to remain unlitigated, or only perfunctorily litigated, and subsequently complain on appeal of the consequences of his own indifference. The City Court took at its face value the evidence submitted on the question of damages. According to such evidence, the damages awarded were not excessive, but within the estimate of the only witness who testified on that subject. The County Court may have believed that the damages awarded were excessive, but had no right, nor have we any right to substitute belief for the judgment of the Trial Court, supported as it was by uncontradicted evidence, not inherently improbable.

I think, therefore, that the judgment of the County Court should be reversed, and that of the City Court affirmed.