WILLIAM ENGEL, Respondent, *v.* UNITED TRACTION COMPANY, Appellant.

**Negligence — evidence of discharge of motorman — when inadmissible.**

On trial of an action to recover damages for injuries alleged to have resulted from negligence of a motorman employed by defendant, rulings on cross-examination of the motorman, that he should state whether or not he was discharged subsequent to the accident, and that he should state the cause of his discharge, are erroneous.

*Engel* v. *United Traction Company*, 138 App. Div. 931, reversed.

(Argued October 27, 1911; decided November 21, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 6, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. C. Dugan* and *Lewis E. Carr* for appellant. The plaintiff was permitted to show over the objections and exceptions of the appellant that the motorman was discharged by it subsequent to the accident, and for this reason the judgment should be reversed. (*Winters* v. *Naughton,* 91 App. Div. 80; *Schmidt* v. *D. D., etc., R. R. Co.,* 3 N. Y. S. R. 257.)

*William E. Woollard* and *Michael D. Reilly* for respondent.

COLLIN, J. The plaintiff seeks in this action to recover the damages to which, as he avers, the injuries received by him through a collision between an electric car of defendant and an automobile in which he was riding entitle him. The accident happened November 22, 1908, at an intersection of streets in the city of Albany. At the close of the entire evidence the trial court denied the motion of the defendant that the plaintiff be nonsuited upon the ground that the proof failed to show negligence on the part of the defendant or freedom from contributory negligence on the part of the plaintiff, and submitted the issues to the jury. Thereto the defendant excepted. Inasmuch as the Appellate Division did not unanimously render its judgment, we have, under the exception and argument of the defendant, examined the record of the proceedings at the trial and find therein evidence supporting the verdict and judgment. It contains, however, erroneous rulings, duly excepted to, necessitating the reversal of the judgment.

The person who was the motorman of the defendant's colliding car was a witness for the defendant, and testified upon his direct examination to the circumstances and conditions attending the collision. He stated upon his

cross-examination that he was not then and for about five weeks had not been employed by the defendant. The cross-examination proceeded: "Q. Were you discharged or did you resign the position? Defendant objected as incompetent and immaterial, Overruled. Exception. A. Discharged. Q. Tell the jury what you was discharged for. Defendant objected as incompetent, improper; nothing to do with this action. Overruled. Exception. Q. Tell the jury what the reason was. A. Piece of foolishness. Q. Tell the rest of it now to the jury. Objected to by defendant as entirely immaterial, incompetent and improper. Overruled. Exception. Q. If you don't want to answer that question, tell the jury you don't want to tell, and I'll stop. Same objections; same ruling. Exception. Q. Either tell the truth or say you don't care to tell. A. I don't care to tell." The jury were thus informed that the motorman was (a) discharged subsequent to the accident (b) for a piece of foolishness, the nature and details of which he was unwilling to tell.

The ruling that the motorman should state whether or not he was discharged subsequent to the accident was erroneous. The sole issue upon which the testimony could bear was that of defendant's negligence. It could bear upon this issue only as the source of the inference by the jury that the motorman on the occasion of the accident operated the car negligently, or as an admission of the defendant that his operation of the car was negligent. It was not legitimate or competent for either purpose. Motormen are discharged for many different reasons and for causes which do not arise from or involve a careless or negligent act. An inference from the discharge of the motorman that he was at the time of the accident operating the car negligently does not rest upon reasonable certainty or preponderating probability. Other inferences are just as natural and deducible from the fact of his discharge. A fact is admissible as the

basis of an inference only when the desired inference is a probable or natural explanation of the fact and a more probable and natural one than the other explanations, if any. (*Manning* v. *Insurance Company*, 100 U. S. 693; *Philadelphia City Passenger Ry. Co.* v. *Henrice*, 92 Penn. St. 431; *O'Gara* v. *Eisenlohr*, 38 N. Y. 296; 1 Wigmore on Evidence, section 32.) The prolonged interval between the accident and the discharge does not remove but rather emphasizes the incompetency of the evidence. The discharge is vacuous as proof that the defendant was negligent or as an admission by defendant of its negligence. This conclusion has the approval of the authorities. (*Corcoran* v. *Village of Peekskill*, 108 N. Y. 151; *Columbia & P. S. R. R. Co.* v. *Hawthorne*, 144 U. S. 202.)

The ruling that the witness should state the cause of his discharge was likewise erroneous. The negligence of the defendant was determinable from the facts causing and accompanying the accident. An act of the motorman subsequent to and dissociated from the accident was wholly incompetent and immaterial. Nor did the foolishness or immorality of the act or conduct which caused his discharge tend to prove to any extent that he negligently caused the accident. It is generally accepted law that the character of a party or witness in a civil cause cannot be proven as evidence that he did or did not do an act charged.

In *Post* v. *Brooklyn Heights R. R. Co.* (195 N. Y. 62, 63) we said: "Under our system of appeals every error does not require a new trial, for the vast judicial work of the state could not be done on that basis. Unless the error is so substantial as to raise a presumption of prejudice, it should be disregarded, for undue delay is a denial of justice." That rule is salutary and is not infrequently applied by us. It has no application, however, to the error of admitting, under objection and exception, evidence which has no legitimate tendency to prove an issue upon trial and is calculated to prejudice and improperly

influence the minds of the jury. The errors we have considered impaired the fairness of the trial and obscured the real issues. Therefore, they cannot be disregarded.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER and CHASE, JJ., concur; VANN, J., concurs in result.

Judgment reversed, etc.