NEW YORK POLYCLINIC MEDICAL SCHOOL AND HOSPITAL v.
MASON–SEAMAN TRANSP. CO.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

1. DAMAGES ⬅️188—ACTIONS—EVIDENCE—COMPETENCY.
    The testimony of an employé of an automobile repair company as to
the contract price for the repair of an automobile damaged in a collision
is insufficient to show the amount of damage to the automobile in an
accident for which plaintiff seeks to hold defendant responsible in damages.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig.
⬅️188.]

2. DAMAGES ⬅️69—ACCIDENTS—AMOUNT RECOVERED—INTEREST.
    Where the verdict in an action for damages to an automobile in a
collision allowed interest on the amount of damages, it was erroneous.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140; Dec.
Dig. ⬅️69.]

3. MASTER AND SERVANT ⬅️330—INJURY TO THIRD PERSONS—EVIDENCE—DISCHARGE OF NEGLIGENT SERVANT.
    In an action for damages to an automobile in a collision, it is error to
allow the defendant's chauffeur to testify to his discharge by the defendant after the accident.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
1270–1272; Dec. Dig. ⬅️330.]

Appeal from City Court of New York, Trial Term.

Action by the New York Polyclinic Medical School and Hospital
against the Mason-Seaman Transportation Company.   Judgment for
plaintiff, and defendant appeals.   Reversed, and new trial ordered.

Argued   October   term,   1915,   before   BIJUR,   PAGE,   and
SHEARN, JJ.

Corbitt & Stern, of New York City (Ernest J. Ellenwood, of New
York City, of counsel), for appellant.

Henry Staton, of New York City, for respondent.

PAGE, J.   [1-3] The action was brought to recover damages to
an automobile ambulance resulting from a collision with a taxicab.
There was no competent proof as to the damage to the ambulance resulting from the collision, nor as to the reasonable cost of the repairs.
An employé of the Packard Company was allowed to testify to a preliminary contract to put the ambulance in good condition for $1,400,
and the jury returned a verdict for this amount.   Interest was erroneously allowed on this sum.   It was also error to require the defendant's chauffeur to testify as to his discharge or resignation from defendant's employ after the accident.   Engel v. United Traction Co., 203
N. Y. 321, 323, 96 N. E. 731, Ann. Cas. 1913A, 859.

Judgment reversed, and a new trial ordered with costs to appellant
to abide the event.   All concur.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes