ROBERT H. TREMAN, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 17430.

Court of Claims, November, 1923.

*Claims against state — damage to automobile in collision with steam roller parked in state highway — roller in use by state in repair of highway maintained under patrol system — failure to set up barriers or lights after sunset — state negligent.*

CLAIM for damages to automobile.

*E. Morgan St. John,* for claimant.

*A. A. Campbell,* deputy attorney-general, for State of New York.

MORSCHAUSER, J. The claimant alleged that on the 29th day of October, 1922, his Studebaker sedan was being driven in the night time by his chauffeur from Rochester to Ithaca and that at a point about one mile east of Lodi in Seneca county, and in the highway running from Ovid to Interlaken, the automobile of the claimant collided with a steam roller, which was left standing in the

highway without any lights or other warning or guards on it, and damaged the automobile of the claimant.

The evidence established the fact that the claimant's car was being driven on the said highway on the 29th day of October, 1922, and that at a point about one mile east of Lodi the car collided with the steam roller standing in the highway. At that time there were two steam rollers and an asphalt distributor standing in the highway without any lights or other guards or barriers, or any warning of any kind on them, and that while the claimant's car was driven by his chauffeur and going along the road it collided with the steam roller and the claimant's car was damaged. At the time of the damage to claimant's car the steam roller was being used by the state in the repair and resurfacing of the highway. The highway was maintained by the state under the patrol system and was not closed to traffic. The three machines at the time were standing in the center or near the center of the highway. The time of the accident was about three A. M. and it was very dark.

Under section 176 of the Highway Law, as amended by chapter 371 of the Laws of 1922, the state assumes liability for any defects causing damage to any persons " on such highways as are maintained by the state under such system as the commissioner of highways may adopt pursuant to section one hundred and seventy " of the Highway Law. We think that a steam roller permitted to stand in a highway without any barrier or lights on in the night time is such a defect. In the case of *Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40, the defendant's highway commissioner carelessly placed and left a road scraper in a highway of the town and plaintiff's car in which he was traveling in the night time ran against the same and he was thrown out and injured, and it was held that this was such a defect as to hold the town liable under section 1, chapter 700, Laws of 1881, where towns are made liable for defective highways.

We think that the state was negligent and that the driver of the car was free from contributory negligence and that the claimant is entitled to recover against the state. The evidence established that the claimant's car was damaged and the cost of repairs was the sum of $487.46.

The claimant is, therefore, entitled to judgment against the state for the sum of $487.46.

ACKERSON, P. J., concurs.

Judgment accordingly.