MARGARET C. HOWE and Another, as Executors, etc., of J. HENRY
HOWE, Deceased, Respondents, v. JOHN W. JOHNSTON, Appellant.

Fourth Department, March 9, 1927.

**Motor vehicles — action to recover damages to automobile — measure of
damages — plaintiff cannot recover reasonable value of repairs and also
difference in value before injury and after repairs made — recovery
must be on one theory or other.**

The measure of damages to an automobile, which was injured in a collision, may
be either the reasonable value of the repairs made to put it into condition
together with the reasonable value of its use during the time required to make
the repairs, or the difference in value before and after the injury. But the
owner cannot recover the reasonable value of the repairs and also the difference
in value before the injury and after the repairs are made. The different rules
as to the measure of damages are in the alternative.

TAYLOR, J., dissents, with memorandum.

APPEAL by the defendant, John W. Johnston, from a judg-
ment of the County Court of the county of Monroe, entered in
the office of the clerk of said county on the 18th day of November,
1924, affirming a judgment of the City Court, Civil Branch, of the
City of Rochester in favor of the plaintiff.

*John Van Voorhis' Sons* [*John Van Voorhis* of counsel], for the
appellant.

*Joseph P. Hogan*, for the respondents.

SAWYER, J. The complaint in this action alleges that the auto-
mobile of the plaintiff (now deceased) was injured in a collision,
through the negligence of the defendant, his agents and servants,
and not by reason of any negligence on the part of the plaintiff.
This is denied by the answer which also affirmatively alleges that
the accident was due to negligence of the original plaintiff and sets
up a counterclaim based thereon. The decision of the issues of
negligence in favor of plaintiff seem to be fully warranted by the
evidence and the only real question presented for review relates to
the measure of damages adopted by the trial court. The com-
plaint demanded cumulative damages for (a) the difference in
market value of the automobile before and after the accident; (b)
for moneys expended in its repair; (c) for the reasonable value of
the loss of its use during the time it was being repaired. No proof
of the value of loss of the use was made, plaintiff contenting him-
self with evidence of the amount of money paid for repairs, and of
the difference in its value before the accident and after the repairs
had been completed. Such a measure of damage does not accord
with the rule generally adopted in this State, which is founded

upon the doctrine that the compensation awarded should be commensurate with the actual loss.

Ordinarily, where the property is merely injured, and not rendered wholly or practically worthless, the measure of such recovery is the amount which it is impaired in its value which is the difference between its value before the injury and its value in its injured condition immediately after. (*Ryan* v. *Lewis*, 3 Hun, 429; *Stearns* v. *McGinty*, 55 id. 101; *Patane* v. *State*, 114 Misc. 713.) Oftentimes injured property may be fully restored to its former condition at less expense than would be represented by the difference in value before and after the injury, and then again, the cost of repair may exceed such difference in value.

Out of this has grown a variant from the general rule which finds its reason in the same doctrine of actual compensation. (Clark's N. Y. Law of Damages, § 445.) Thus the injured person may be awarded the difference in value or, at his option, recover the amount it cost him to restore the property to its former condition, together with the reasonable value of its use during the time required to make the repairs. (*Patane* v. *State, supra; Treman* v. *State*, 121 Misc. 862.) It must be borne in mind, however, that these two measures of damages are in the alternative. Plaintiff may avail himself of the one or of the other but cannot, in one action, have the benefit of both. (*Patane* v. *State, supra.*)

In the instant action plaintiffs have a judgment, rendered on the theory that, while the repairs restored the car to its previous good condition, there exists, in the minds of would-be purchasers of second-hand cars, a prejudice against such as have been subjected to accidental injury, which prejudice diminishes their market value from what it would otherwise have been. Damages predicated upon such a measure were disapproved by the General Term in this Department many years ago. (*Ryan* v. *Lewis, supra.*) In that case Presiding Justice MULLIN said: " The measure of damages which the plaintiff was entitled to recover, if he recovered anything, was the amount the buggy was lessened in value by reason of the injury. The plaintiff could not cause repairs to be made upon it which did not make it as good as it was before the injury, and then recover in addition, the amount the repairs fell short of making it as valuable as before." The precise question here presented has been persuasively considered by the Third Department in *Mendleson* v. *Van Rensselaer* (118 App. Div. 516). There a carriage, injured in an accident, had been fully repaired; the plaintiffs sought to recover, in addition to the cost of repairs, the difference between its value before the accident and after it had been repaired, upon the theory that " a wagon that had gone through an accident would not sell

for as much as it otherwise would." In disposing of this contention, the court tersely stated the reason for holding otherwise in the following language: "As to the carriage, aside from the repairs, the alleged damage was purely fanciful and not worthy of consideration."

Cases may be found, of which *Schalscha* v. *Third Ave. R. R. Co.* (19 Misc. 141) is a type, that seem to run to the contrary; examination will, however, show them to have been an attempt to fit the doctrine of compensation commensurate to loss to the peculiar facts then under consideration. They are readily distinguishable from those from which the general rule has been derived as well as that we now are considering. Thus in the *Schalscha* case plaintiff was allowed the expense of restoration of the property to soundness, compensation for the loss of it during the period of disability, and the difference in its value before the injury and after its repair. This was based upon evidence satisfying the court that, while there was a restoration of the violin to its former physical condition, its usefulness as a musical instrument was injured beyond repair; that the tone which gave it its value was permanently impaired. In that circumstance a special rule was invoked to the end that actual loss should be compensated for. No exception to the general rule is before us; no claim of inability to fully repair is made. The record shows that the car was repaired and presumably thus restored to its former condition; the only diminution in value claimed for is precisely that which is described in *Mendleson* v. *Van Rensselaer* (*supra*) as " fanciful " and is wholly uncertain.

We do not overlook that the case is devoid of proof of the reasonable value of the repairs, plaintiff having contented himself with testimony as to their actual cost. Both court and counsel seem to have accepted this as sufficient; the case contains neither motion nor exception directed to it. In that circumstance we treat that damage as proven. (*Mendleson* v. *Van Rensselaer, supra.*)

The judgment should be reversed, with costs to abide the event, and a new trial directed, unless respondents shall within ten days after service of the order hereunder, with notice of its entry, stipulate to reduce the damages awarded to thirty dollars and eighty-one cents; if such stipulation is filed, the judgment, as so modified, should be affirmed, without costs in either this or the County Court.

All concur, SEARS, J., in result only, except TAYLOR, J., who dissents in a memorandum and votes for affirmance. Present — CLARK, SEARS, CROUCH, TAYLOR and SAWYER, JJ.

TAYLOR, J. (dissenting). The plaintiff proved the cost of the repairs without objection. This was sufficient evidence of their

value, particularly since there was no testimony in opposition. (*Triangle Waist Co.* v. *Todd,* 223 N. Y. 27.)     Plaintiff also proved by a competent witness who had examined the automobile shortly before the collision and after, but not before, the repairs were made, that its depreciated value after the repairs was $100.     This witness was not cross-examined nor disputed on this subject, so there was no " controversy as to the manner in which the work was done " nor " as to the quality of the materials used," a possibility likely to bring about injustice.     (*Ryan* v. *Lewis,* 3 Hun, 429.)     Thus plaintiff proved his total loss, as he was entitled to, under the correct rule of damages, to wit, the difference in value of the vehicle immediately before and immediately after the mishap.

The finding of amount of damages was based upon testimony not only ample, but the only testimony on the subject.     I, therefore, vote for affirmance.

Judgment of Monroe County Court and of Rochester City Court reversed on the law and a new trial granted in the City Court, with costs in all courts to appellant to abide the event, unless the plaintiffs shall within ten days stipulate to reduce the damages awarded to the sum of thirty dollars and eighty-one cents as of the date of entry of judgment in the City Court, and further stipulating that the costs awarded on affirmance in the County Court be stricken out, in which event the judgment of the County Court and the judgment of the City Court are modified accordingly, and as so modified are affirmed, without costs of this appeal to either party.