JOSEPH M. WEINER, Respondent, *v.* LIBERTY BELL INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June 4, 1930.

*Norman S. Rein,* for the appellant.

*Hyman & Hyman,* for the respondent.

PER CURIAM. *Zerman* v. *Misroch* (192 N. Y. Supp. 881) does not hold that in a proper case the estimated cost of reasonable repairs necessary to restore personal property to its former condition may not be recovered merely because the repairs have not been actually made. In that case there was no proof as to what had become of the vehicle involved nor was its value before the accident established.

In *New York Polyclinic Medical School & Hospital* v. *Mason-Seaman Transp. Co.* (155 N. Y. Supp. 200), which was cited in *Zerman* v. *Misroch,* it appeared that the sole evidence as to damage was proof of a price demanded by a repair company to put the vehicle in good condition. Such proof standing alone was, of course, insufficient. Neither of these cases holds, however, that the difference in value before and after the injury, nor the cost of repairing the injury caused to the vehicle, may not be recovered in a proper case merely because the owner has not actually expended the money or done the work at the time of the trial.

The ordinary rule of damage in a case involving substantial injury to personal property is the difference in value of the property before and after the injury. If the injury is not so great as to make the reparation or restoration of the property unreasonable or out of proportion to the condition and value thereof before the injury, the cost of repair, whether actually made or not, is competent evidence of the damage sustained. (*Mencaccy* v. *Studebaker Corp. of America,* 202 N. Y. Supp. 718; Huddy Automobiles [8th ed.], §§ 870–875; Clark, New York Law of Damages, § 437.)

In the instant case there was proof of the value of the car before the injury and testimony by a competent witness of the reasonable cost of repairs made necessary by the accident. That repairs had not been actually made did not bar recovery.

Judgment affirmed, with twenty-five dollars costs.

All concur; present, BIJUR, CALLAHAN and PETERS, JJ.