MARIE PARILLI and Another, Respondents, *v.* BROOKLYN CITY RAILROAD, Appellant.

Second Department, October 21, 1932.

*W. Rossiter Redmond* [*George D. Yeomans* with him on the brief], for the appellant.

*F. R. Serri,* for the respondents.

PER CURIAM. The plaintiff Prignano received a small verdict for personal injuries in the Municipal Court. No question is raised on this appeal concerning the judgment entered on that verdict. The plaintiff Parilli sustained property damage caused by the collision with the defendant's street car. The principal question presented here concerns the amount of such damages.

There is proof that a wheel of the automobile was broken and that the body was smashed in as a result of the collision. Evidently the car was repaired, and the bill was produced on the trial. About four years had elapsed between the accident and the trial. It was said by the plaintiffs' attorney that he could not get the mechanic to the court, and he thought that the defendant should concede the amount of the repairs. Finally the counsel for the defendant

said: " I will concede that he [the mechanic] will testify that the sum of $174.00 was paid for the repair of the car." The trial justice called attention to the fact that the only testimony on the subject of damages is that " which is conceded — that the plaintiff paid $174.00 for making the repairs." There was no exception to the charge or request to charge otherwise, and the jury found a verdict for the sum mentioned.

There are alternative methods of making proof of damages sustained where personal property has been injured. A proper and simple method is to prove the amount of lessened market value or the difference in the value of the property immediately preceding and following the wrong. (*Ryan* v. *Lewis*, 3 Hun, 429, 431; *Stearns* v. *McGinty*, 55 id. 101; *Barretts, Palmer & Heal Dyeing Establishment* v. *Wharton*, 101 N. Y. 631; *Chicago, B. & Q. R. Co.* v. *Gelvin*, 238 Fed. 14.)

An alternative method is the proof of reasonable value of the necessary repairs made to restore it as nearly as possible to its original condition. (*Howe* v. *Johnston*, 220 App. Div. 170; *Weiner* v. *Liberty Bell Ins. Co.*, 137 Misc. 43.)

Where the method of making proof of depreciation in value does not measure the loss or there is inconvenience in making proof, evidence of the fair cost of repairs made necessary by the injury, less the increased value of the repaired machine above its value before the accident, may be adopted. (*Coffin* v. *Laskau*, 89 Conn. 325, 330.) The difficulty of this latter method is that, in inserting new parts in the place of old ones injured or destroyed, property like an automobile may be in better condition after repair and have more value than before the accident. But, ordinarily, proof of the increased value may readily be made.

If a party loses the use of a car, evidence of usable value is also admissible as a measure of damages (*Buchanan's Sons* v. *Cranford Co.*, 112 App. Div. 278), and the party becomes entitled to damages for the loss of use (*Moore* v. *Metropolitan Street R. Co.*, 84 App. Div. 613); and in the case of an automobile the plaintiff may recover damages for the loss of use of a pleasure car. (*Rapp* v. *Mabbett Motor Car Co., Inc.*, 201 App. Div. 283.)

Of course, there must be proof that the repairs were necessary and were reasonably worth the sum paid, for without it neither the value of the repairs nor the extent of the injury is thereby established. (*Gumb* v. *Twenty-third Street R. Co.*, 114 N. Y. 411.) It is not sufficient to make proof of the amount paid without proof that such repairs were necessary and that the charge therefor was reasonable in amount.

Such proof was lacking in this case unless we accept the implica-

tions indicated in the concession on the trial. We think that, in view of the nature of the damages, the concession may be deemed barely sufficient. In any event, in view of the extent of the injuries to the car, the small amount awarded as damages, and the fact that if there were a new trial the plaintiff could not only complete the proof but could make further proof as to the loss of use of the car, we think as a practical matter we should not reverse this judgment and send it back to the Municipal Court, with a crowded calendar, to permit the defendant to make some slight diminution, if any, in the verdict.

The order of the Appellate Term affirming judgments of the Municipal Court should be affirmed, with costs.

Present — LAZANSKY, P. J., KAPPER, SCUDDER, TOMPKINS and DAVIS, JJ.

Order of Appellate Term affirming judgments of the Municipal Court unanimously affirmed, with costs.