LILLIAN WAGNER, Claimant, *v.* THE STATE OF NEW YORK,
Defendant.
(Claim No. 25911.)
ORLO D. WAGNER, Claimant, *v.* THE STATE OF NEW YORK,
Defendant.
(Claim No. 25912.)
Court of Claims, February 5, 1942.

*Harry A. Sessions,* for the claimants.

*John J. Bennett, Jr., Attorney-General [Alfred E. Spagnolo, Assistant Attorney-General,* of counsel], for the defendant.

DYE, J. The claimants herein seek damages resulting from an automobile collision which occurred on the evening of August 9, 1940, at about nine-fifteen P. M., daylight saving time. They were driving in their automobile in and along Route 53 just south of its intersection with the Wilson road in the town of Gorham, Ontario county, N. Y. The road had been officially closed for traffic, but the State had failed to post conspicuous notices or to erect lights which were readily visible to persons entering Route 53 from Gorham road to the east, calling attention to the fact that the road was officially closed for traffic.

The claimant entered Route 53 from the Gorham road and turning left proceeded southerly on his proper side of the road, crossed through Wilson Corners (which also were not guarded either by warning signs or barriers visible from the direction in which he was proceeding, although bomb flares had been placed at intervals along the road). At a point about 700 feet south of the corners, he was approached by a passing automobile having bright headlights, the glare of which momentarily blinded him. He slowed the speed of his car. Just as the approaching car had passed he saw looming up ahead of him at about a car length away, a road roller being operated along and on his side of the traveled portion of the highway. The claimant applied his brakes but was unable to stop before his automobile had come into collision with the roller. It was dark; the roller displayed no lights, nor did it give any warning or signal of its presence. The claimant had been driving at a speed of approximately thirty-five to forty miles per hour just before the collision.

The State made no attempt to controvert the facts as testified to by the claimants and their witnesses, so their version as to the happening of the collision must be accepted as true.

Section 104 of the Highway Law imposes upon the State certain duties to post conspicuous notices and to erect lights to the effect that a highway is officially closed. In this instance, the agents and employees of the State failed to perform their duty in the manner and to the extent contemplated by the statute. Such failure constitutes negligence, and for such omission the State is liable. (Ct. Claims Act, § 12-a.)

Likewise, the negligence of the agents and employees of the State is fully established by the fact that they were operating a fifteen-ton road roller on the traveled portion of the public highway, after dark, without displaying lights or other warnings, signals or devices calling attention to its presence to other users of the highway. (Highway Law, § 318; *Martin* v. *Herzog*, 228 N. Y. 164; *Treman* v. *State of New York*, 121 Misc. 862.)

Neither does the failure of the claimant to stop his car when approached by an automobile having glaring headlights constitute contributory negligence. (*Shaffer* v. *State of New York*, 256 App. Div. 1053.) From all the circumstances surrounding the happening of the collision, we are justified in concluding that the claimant was conducting himself in a careful and prudent manner, and was free from contributory negligence.

An award is directed to be made against the State of New York in favor of each of the claimants in the respective amounts indicated in the accompanying decision.