Johnston, J.
In this action to recover for damage to plaintiff’s automobile, which, at the time of the accident, was being operated by defendant, judgment was entered in plaintiff’s favor for $1,050, plus interest on that sum from January 17, 1949, the date of the accident, and costs.
The finding that defendant was negligent is amply supported by the evidence. The principal question to determine is the measure of damages.
Plaintiff, who is in the used car business, testified that prior to the accident the value of the automobile was between $1,750 and $2,000, and after the accident its value was between $500 and $700. Defendant, also in the used car business, testified that prior to the accident the value of the automobile was $1,600, and after the accident its value was $1,000. Plaintiff’s expert testified that the fair and reasonable value of malting the necessary repairs was $600, and defendant’s expert testified it was $419.40. There was proof that it would take three weeks to make the repairs and defendant conceded that the reasonable rental value for the use of such an automobile was $9 a day. The court awarded plaintiff $1,050, doubtlessly based on the difference between the value of the automobile before and after the accident, plaintiff’s lowest estimate of value before the accident being $1,750, and his highest estimate of value after the accident being $700.
The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser. (Hartshorn v. Chaddock, 135 N. Y. 116, 122; Mendleson v. Van Rensselaer, 118 App. Div. 516; Howe v. Johnston, 220 App. Div. 170; Parilli v. Brooklyn City R. R., 236 App. Div. 577.)
If the recovery is based on reasonable costs of repairs, loss of use may also be added to the damage suffered, even if the car was not-used for business, but only for pleasure.- (Parilli v. Brooklyn City R. R., supra.)
In the case at bar the difference in market value immediately before and immediately after the accident was $1,050; the reasonable cost of repairs to restore it to its former condition was $600; the loss of use was $189. Therefore, the recovery *165 must be limited to $789. Where the repairs do not restore the property to its condition before the accident, the difference in market value immediately before the accident and after the repairs have been made may be added to the cost of repairs. But in the case at bar there is no claim that the automobile could not be fully restored to its former condition by the repairs contemplated in the estimate. The only basis of the claim made by plaintiff for the difference in value immediately before and immediately after the accident was, not that the automobile could not be fully repaired, but that after repair the resale value would be diminished because the car had been in an accident. Under the authorities cited, the diminution in resale value is not to be taken into account if the repairs will place the car in the same condition it was before the accident.
In actions for injury to property through negligence, in the exercise of discretion, interest may be added to the recovery from the date of the accident (Flamm v. Noble, 296 N. Y. 262, 268), and its addition to the amount allowed for cost of repairs and loss of use has been approved in Mailler v. Express Propeller Line (61 N. Y. 312) and Whitehall Transp. Co. v. New Jersey Steamboat Co. (51 N. Y. 369). We may not say that the discretion exercised by the trial court was improperly exercised.
Assuming, as appellant contends, that the parties were engaged in a joint venture at the time of the accident, defendant is liable for the entire amount of the damage caused by his tortious act. (Mencher v. Goldstein, 240 App. Div. 290.)
The judgment should be reversed on the law and the facts, and a new trial ordered, with costs to appellant to abide the event, unless plaintiff, within ten days after the entry of the order hereon, stipulate to reduce the damages awarded to $789, with interest from January 17, 1949, in which event, the judgment, as so reduced, should be affirmed, without costs.