Carswell and MacCrate, JJ.,
concur; Nolan, P. J., concurs, with the following memorandum: I am in agreement with the result reached by the majority, but prefer to rest m;v determination upon the conclusion that the finding by the learned City Judge that the plaintiff had suffered damage in the amount of $1,050 was contrary to the weight of the evidence. The ordinary rule of damage, in a case involving substantial injury to personal property, is the difference in value of the property before and after the accident. That damage may be established by the direct testimony of experts as to depreciation in value, or if the injury is not so great as to make the repair or restoration of the prop *166 erty unreasonable or out of proportion to the condition and value of the property before the injury, by evidence as to the reasonable cost of repair. (Weiner v. Liberty Bell Ins. Co., 137 Misc. 43, and cases and authorities cited.) Evidence as to cost of repair is but an alternative method of proving depreciation in value. (Weiner v. Liberty Bell Ins. Co., supra; Clark on New York Law of Damages, § 437; 169 A. L. R. 1101; 25 C. J. S., Damages, § 157, subd. [b], part [2].) In the instant case the plaintiff offered evidence tending to prove that the depreciation in value of his automobile, due to the accident complained of, was $1,050. He also established, however, by his own witness, for whose credibility he vouched, that the automobile could be restored to its prior condition for $600, and that he would be deprived of its use, during such repairs, to his further damage in the sum of $189. In the light of this evidence, bis claim that the automobile had depreciated in value to the extent of $1,050 may not be sustained. Sneed, J., dissents and votes to affirm, with the following memorandum: It is my understanding of the rule in this State, and I read the cases cited (other than the real property case) to so hold, that in an action to recover damages for injury to personal property the plaintiff may, at his option, recover either the diminution of value or the cost of repairs; but may not, of course, recover both (Howe v. Johnston, 220 App. Div. 170, 171; Parilli v. Brooklyn City R. R., 236 App. Div. 577, 578). When plaintiff sues to recover costs of repairs he will be restricted in recovery to an amount not exceeding diminution, and not exceeding the value of the personalty before its injury. (Gass v. Agate Ice Cream, 264 N. Y. 141, 143.)
Judgment of the City Court of the City of White Plains reversed on the law and the facts, and a new trial ordered, with costs to appellant to abide the event, unless plaintiff, within ten days after the entry of the order hereon, stipulate to reduce the damages awarded to $789, with interest from January 17, 1949, in which event the judgment, as so reduced, is affirmed, without costs.