■ VIRGINIA L. KIRKPATRICK, Respondent, v. DONALD FESINGER, JR., Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: This is an ordinary intersection collision case. The jury apparently found that both drivers were at fault since it found a verdict of no cause of action in the case of Robert Kirkpatrick, the driver of the automobile in which the other plaintiffs were passengers, and found a verdict in favor of the passengers against the defendant, the owner and operator of the other vehicle. The principal question upon appeal arises from cross-examination of the defendant by the plaintiffs' counsel. The cross-examination brought out the fact that the automobile which the defendant was driving at the time of the accident was equipped with special racing equipment and that the defendant had regularly engaged in "drag racing". There was no claim by the plaintiffs that the defendant was engaged in racing at the time of the accident, or that his prior conduct in that regard was in any way related to the accident. Insofar as the questions upon cross-examination were designed to bring out the fact that there was special equipment upon the defendant's car, they were relevant as bearing upon the ability of the defendant to bring his car to a stop in time to avoid the accident. But the plaintiffs' counsel went beyond the fair limits of cross-examination when he asked the defendant over objection "Did you use this automobile in racing?" and the defendant admitted that he had so used the automobile in what was "commonly referred to as drag racing". On recross-examination, the plaintiffs' counsel asked: "As a matter of fact Mr. Fesinger, you just returned from Florida, didn't you, where you were involved in some drag racing activities?" The court overruled the defendant's objection and the defendant then answered the question in the affirmative. This related to the defendant's activities shortly before the trial, which was more than two years after the date of the accident. Plaintiffs' counsel then asked: "Did you have your racing car with you?" but on objection he withdrew the question. The defendant's counsel moved for a new trial on the ground that the line of questioning about racing activities was irrelevant and prejudicial but the motion was denied. The case presented a close question of fact and the jury may well have been influenced in its determination of that question by the fact that the defendant was "a drag racer", although his "drag racing" activities had nothing to do with the accident involved in this case. Therefore, the error may not be disregarded on the ground that it was not prejudicial. It has been repeatedly held that proof of prior or subsequent misconduct on the part of the defendant, unrelated to the accident in issue, is inadmissible and that the failure to exclude it is prejudicial error. (*Grenadier* v. *Surface Transp. Corp.*, 271 App. Div. 460; *Engel* v. *United Traction Co.*, 203 N. Y. 321; *Lizzo* v. *O'Connor*, 286 App. Div. 1021.) (Appeal from judgment of Onondaga Trial Term for plaintiff in an automobile negligence action.) Present — Bastow, J. P., Goldman, Halpern and McClusky, JJ.

■ ROBERT G. KIRKPATRICK, as Guardian ad Litem of PATRICIA L. KIRKPATRICK, an Infant, Respondent, v. DONALD FESINGER, JR., Appellant.— (Same decision and like cause of action as in companion case of *Kirkpatrick* v. *Fesinger* (18 A D 2d 1132). Present — Bastow, J. P., Goldman, Halpern and McClusky, JJ.

■ ROBERT G. KIRKPATRICK, as Guardian ad Litem of ELIZABETH A. KIRKPATRICK, an Infant, Respondent, v. DONALD FESINGER, JR., Appellant.— Same decision and like cause of action as in companion case of *Kirkpatrick* v. *Fesinger* (18 A D 2d 1132). Present — Bastow, J. P., Goldman, Halpern and McClusky, JJ.