**Joseph L. DUKETT, Appellant (Defendant Below),**

v.

**Floyd P. MAUSNESS and Waneda Mausness, Appellees (Plaintiffs Below).**

**INDIANAPOLIS YELLOW CAB, INC., Appellant (Garnishee Defendant Below),**

v.

**Floyd P. MAUSNESS and Waneda Mausness, Appellees (Judgment Creditors Below).**

**No. 49A02–8901–CV–23.**

Court of Appeals of Indiana, Third District.

Dec. 13, 1989.

John F. Kautzman, Ruckelshaus, Roland, Hasbrook and O'Connor, Indianapolis, for appellants.

Richard M. Orr, Indianapolis, for appellees.

HOFFMAN, Judge.

Joseph Dukett appeals from a judgment on a verdict awarding $2,500.00 and $47,-500.00 to Waneda and Floyd Mausness, respectively. Indianapolis Yellow Cab, Inc. appeals from a garnishment order entered in proceedings supplemental. The facts relevant to these appeals are summarized below.

A collision occurred at the Indianapolis intersection of 38th Street and Kiel Avenue on December 12, 1984, when a car driven

by Floyd Mausness was struck by a taxi cab driven by Joseph Dukett and owned by Indianapolis Yellow Cab, Inc. Two different lawsuits arose out of that collision.

In Cause No. M285–861, Waneda Mausness, the spouse of Floyd Mausness, brought suit against Dukett and Indianapolis Yellow Cab, Inc., alleging loss of consortium. A separate action for property damage was commenced by Indianapolis Yellow Cab, Inc. against Floyd Mausness. In that suit, denominated Cause No. M285–1216, Floyd Mausness filed a counterclaim against Indianapolis Yellow Cab, Inc. and a "cross-complaint"[1] against Dukett, seeking damages for personal injuries arising out of the automobile accident. Cause No. M285–861 and Cause No. M285–1216 were consolidated for purposes of trial.

The Mausnesses were permitted to proceed first in the presentation of evidence. At the close of the Mausnesses' case-in-chief, Indianapolis Yellow Cab, Inc. was granted a directed verdict on Waneda's complaint for loss of consortium and on Floyd's counterclaim for personal injuries. Indianapolis Yellow Cab, Inc. then offered evidence pertinent to its claim of property damage, and Dukett presented his defense against the Mausnesses' claims.

The jury returned a verdict in favor of the Mausnesses and against Dukett. Additionally, the jury determined that Indianapolis Yellow Cab, Inc. would take nothing by way of its complaint alleging property damage. Judgment was entered on the verdicts, giving rise to Dukett's appeal.

The Mausnesses filed a motion for proceedings supplemental, naming Indianapolis Yellow Cab, Inc. as a garnishee defendant. The lower court entered a final order of garnishment against Indianapolis Yellow Cab, Inc., and the company perfected its appeal.

Three issues are raised in the consolidated appeal of Dukett and Indianapolis Yellow Cab, Inc.:

(1) whether the trial court erred by admitting into evidence testimony that Dukett was "fired" by Indianapolis Yellow Cab, Inc. on the date following the accident;

(2) whether the lower court erred when it permitted recovery of damages exceeding the amount stated in the counterclaimant's prayer for relief and exceeding the jurisdictional ceiling for municipal courts; and

(3) whether the trial court impermissibly entered an order of garnishment in proceedings supplemental against Indianapolis Yellow Cab, Inc.

■ The first issue, which is dispositive of this appeal, concerns the admissibility of testimony that Indianapolis Yellow Cab, Inc. terminated its relationship with Dukett immediately after the accident. At trial, Dukett was called as a witness in the Mausnesses' case-in-chief. The following exchange took place on direct examination:

"Q. Did you not state in your deposition, Mr. Dukett, in response to the question, you got fired as a result of this accident on December 12 and your answer was yes.

A. Yes, I used those words.

Q. Now, who did you talk to on that date?

A. I had talked to a ...

Q. On December 13, the day after the accident? Who fired you?

A. The man who fired me was Mr. Hunt."

Counsel for Dukett and Indianapolis Yellow Cab, Inc. sought to exclude such testimony by filing a motion in limine, which was denied, and by interposing objections at trial, which were overruled. The basis for the motion in limine and objections was that the testimony described subsequent remedial conduct.

Evidence of remedial conduct subsequent to the happening of an accident is generally

---

1. Floyd Mausness's claim against Dukett was improperly characterized as a "cross-complaint." A cross-claim states a claim by one party against a co-party. Ind. Rules of Procedure, Trial Rule 13(G). Dukett was not named as a party in Cause No. M285–1216. To pursue his claim for personal injuries against Dukett, Floyd Mausness should have made Dukett a party to the counterclaim in accordance with Ind. Rules of Procedure, Trial Rule 14, 19 or 20.

inadmissible. *Dudley Sports Co. v. Schmitt* (1972), 151 Ind.App. 217, 233, 279 N.E.2d 266, 277. The encouragement of remedial measures is the principal reason for the rule excluding evidence that such measures were taken. *Terre Haute and Indianapolis Railroad Company v. Clem* (1890), 123 Ind. 15, 19, 23 N.E. 965, 966.

> "True policy and sound reason require that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrong-doers." *Id.* at 19, 23 N.E. at 966.

The lower court in the instant case ruled that the severance of relations between Dukett and Indianapolis Yellow Cab, Inc. did not constitute remedial conduct. While the question is one of first impression in Indiana, persuasive extra-jurisdictional authority holds that the discharge of an employee apparently at fault in an accident is a remedial measure which should not be admitted into evidence. *See Armour and Co. v. Skene* (1st Cir.1907), 153 F. 241 (discharge of driver one year after accident erroneously admitted); *Rynar v. Lincoln Transit Co.* (1943), 129 N.J.L. 525, 30 A.2d 406 (severance of relationship between driver and bus company improperly admitted into evidence); *Engel v. United Traction Co.* (1911), 203 N.Y. 321, 96 N.E. 731 (ruling that motorman should state whether or not he was discharged subsequent to the accident was erroneous). *Cf. Turner v. Hearst* (1896), 115 Cal. 349, 47 P. 129 (in libel case, error to permit plaintiff to prove discharge of reporter; analogous to proof of precaution taken after an accident).

■ The testimony that Dukett was "fired" on the day following the accident was evidence of subsequent remedial conduct. The purpose of the testimony was to show, by proving the subsequent attitude of Indianapolis Yellow Cab, Inc. toward Dukett, that Dukett had been careless. The evidence was not legitimate or competent for that purpose. *See Rynar, supra,* 129 N.J.L. at 530, 30 A.2d at 410; *Engel, supra,* 203 N.Y. at 323, 96 N.E. at 732. The trial court's admission of such evidence constituted reversible error.[2]

The judgment against Dukett and in favor of the Mausnesses is reversed, and the cause is remanded for a new trial.

RATLIFF, C.J., and GARRARD, P.J., concur.

---

**2.** This Court need not address the remaining contentions that the monetary award to the Mausnesses was excessive and that the garnish-ment order was erroneous, as the underlying judgment is reversed.