■ 815 PARK AVENUE OWNERS, INC., Respondent, v STEVEN R. LAPIDUS et al., Defendants, and EDWARD A. METZGER, Appellant. [643 NYS2d 89] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered November 22, 1995, which, *inter alia*, awarded plaintiff $375,576.72 as against defendant Metzger, unanimously affirmed, without costs.

Defendant-appellant ceased paying maintenance and assessments on his cooperative apartment in November 1987 based upon his claim that a partial eviction resulted from water entering his apartment. In a prior appeal, this Court affirmed a grant of summary judgment dismissing the partial eviction defense (190 AD2d 574). Issues regarding defendant's claimed setoffs against the maintenance owed were referred to a Special Referee to hear and report. After extensive hearings, the Referee correctly found that defendant had failed to show that water entered his apartment as a result of plaintiff's negligence or violation of the proprietary lease. Moreover, defendant failed to demonstrate the necessity of the repairs he allegedly made

or the reasonable cost thereof (*see, Parilli v Brooklyn City R. R.*, 236 App Div 577; *Halkedis v Two E. End Ave. Apt. Corp.*, 161 AD2d 281, *lv denied* 76 NY2d 711). Nor did defendant demonstrate by competent proof that employees of Manhattan Cable TV turned off the refrigeration unit on his wine cellar, or why plaintiff should be held responsible if that indeed occurred. Defendant also failed to show the condition of the wine before the alleged tampering with the temperature control, or the value of the wines allegedly damaged thereby.

The lease provides that, upon default in payment of rent, "the Lessee shall pay interest thereon at the maximum legal rate from the date when such installment shall have become due to the date of payment thereof, and such interest shall be deemed additional rent hereunder." Accordingly, the imposition of interest at the rate of 1.5% monthly was permissible (*see, Stein v American Mtge. Banking*, 216 AD2d 458; *Emery v Fishmarket Inn*, 173 AD2d 765; *Bruce v Martin*, 845 F Supp 146, 149 [SD NY]). We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.