In an action to recover damages for injury to personal property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered February 3, 2012, which granted the defendants’ motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), (5) and (7).
Ordered that the order is affirmed, with costs.
On June 16, 2011, the defendant Shira Gabrielle Stavsky was operating a vehicle owned by the defendant Averim Stavsky, when she collided with a vehicle owned by the plaintiff. The plaintiff’s vehicle, a 2011 Mercedes-Benz E550 two-door convertible with 398 miles on the odometer, was damaged as a result of the collision. It is uncontested that the plaintiff was compensated in full for the cost of repairing his vehicle by his insurer, which, in turn, was reimbursed by the defendants’ insurer as subrogee of the plaintiff.
*647 In this action, the plaintiff seeks to recover damages for the difference in the market value of his vehicle immediately before the accident and immediately after his vehicle was repaired, claiming that even after his vehicle was repaired, the resale value was diminished since a “Carfax” report is now available on the vehicle indicating that it was involved in a serious accident. The defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), (5) and (7), and the Supreme Court granted the motion.
A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiffs factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 88 [1994]). A motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint on the ground of payment may be granted where the documentary evidence establishes the defense of payment as a matter of law (see Ragins v Hospitals Ins. Co., Inc., 96 AD3d 819, 821 [2012], lv granted 20 NY3d 853 [2012]). “On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d at 87; Felix v Thomas R. Stachecki Gen. Contr., LLC, 107 AD3d 664 [2013]).
Here, the Supreme Court properly granted the defendants’ motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), (5) and (7). The defendants established that the plaintiff has no cause of action to recover the damages he seeks herein. “The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser” (Johnson v Scholz, 276 App Div 163, 164 [1949]; see Fisher v Qualico Contr. Corp., 98 NY2d 534, 539-540 [2002]; Gass v Agate Ice Cream, Inc., 264 NY 141, 143-144 [1934]; Hartshorn v Chaddock, 135 NY 116, 122 [1892]; Babbitt v Maraia, 157 AD2d 691 [1990]; see also PJI 2:311). “Where the repairs do not restore the property to its condition before the accident, the difference in market value immediately *648 before the accident and after the repairs have been made may be added to the cost of repairs” (Johnson v Scholz, 276 App Div at 165; see Melohn v R&M Combustion Co., 296 AD2d 323, 324 [2002]). However, where, as here, there is no dispute that the repairs fully restored the vehicle to its condition before the accident, and the only basis of the claim made by the plaintiff for the difference in value immediately before and immediately after the accident is not that his automobile could not be fully repaired, but, rather, that after repair the resale value would be diminished because the car had been in an accident, “the diminution in resale value is not to be taken into account” (Johnson v Scholz, 276 App Div at 165; see Howe v Johnston, 220 App Div 170, 171 [1927]). Rivera, J.E, Balkin, Leventhal and Cohen, JJ., concur.