[5 NYS3d 681]

WILLIAM H. DELAMATER, JR., Plaintiff, v STEVEN R. FISHER, Defendant.

City Court of Albany, January 23, 2015

## APPEARANCES OF COUNSEL

*Sullivan, Keenan, Oliver & Violando, LLP*, Albany (*Ashley M. Hart* of counsel), for plaintiff.

*Richard Fishbein*, Albany, for defendant.

## OPINION OF THE COURT

HELENA HEATH, J.

Plaintiff seeks compensation in the amount of $4,595 representing the loss of value in his vehicle after a car accident. At trial, defendant conceded liability for the accident. The court made the factual finding at trial that, subsequent to the accident, plaintiff's subject vehicle was repaired properly in compliance with industry standards. It is undisputed that plaintiff was reimbursed for the costs of such repairs. The only issue therefore before the court is whether plaintiff can properly recover for the alleged difference in the market value of his vehicle immediately before and immediately after the accident or whether his damages are limited to the reasonable cost of repairs to restore the vehicle to its condition prior to the subject accident. The court makes the following findings of fact and decision of law.

In a 1927 Appellate Division, Fourth Department, case, *Howe v Johnston*, the Court held:

> "Ordinarily, where the property is merely injured, and not rendered wholly or practically worthless, the measure of such recovery is the amount which it is impaired in its value which is the difference between its value before the injury and its value in its injured condition immediately after. (*Ryan v. Lewis*, 3 Hun, 429; *Stearns v. McGinty*, 55 id. 101; *Patane v. State*, 114 Misc. 713.) Oftentimes injured property may be fully restored to its former condition at less expense than would be represented by the difference in value before and after the injury, and then again, the cost of repair may exceed such difference in value.

> "Out of this has grown a variant from the general rule which finds its reason in the same doctrine of actual compensation. (Clark's N.Y. Law of Damages, § 445.) *Thus the injured person may be awarded the difference in value or, at his option, recover the amount it cost him to restore the property to its former condition, together with the reasonable value of its use during the time required to make the repairs. (Patane v. State, supra; Treman v. State,* 121 Misc. 862.) *It must be borne in mind, however, that these two measures of damages are in the alternative. Plaintiff may avail himself of the one or of the other but cannot, in one action, have the benefit of both. (Patane v. State, supra.)*" (220 App Div

170, 171 [emphasis added]; *see also Parkoff v Stavsky*, 109 AD3d 646 [2d Dept 2013].)

In *Parkoff v Stavsky*, the Appellate Division, Second Department, held that the proper measure of damages to be applied for injury to property resulting from negligence is *"whichever is the lesser"* of damages between these two measures (109 AD3d at 647 [emphasis added]).

These two New York Appellate Division cases support defendant's position that the proper measure of damages in this case is plaintiff's recovery of the subject repair costs and nothing more. Plaintiff's reliance upon a 1988 Broome County Supreme Court case, *Rosenfield v Choberka* (140 Misc 2d 9 [1988]), is unpersuasive. In that case, the court in essence opined that the increasing mechanical and electrical intricacies of modern day automobiles, and the myriad of problems in a vehicle's operation which an accident can cause, may result in undiscovered defects that do not get repaired. Based on this theory, the court concluded that "it is apparent that a prospective purchaser would be more reluctant to purchase an automobile that had suffered substantial collision damage, even though alleged to have been fully repaired, and such reluctance would be reflected in its value in the resale market." (*Id.* at 13.) That court awarded a judgment that included the reasonable cost of repair of the plaintiff's automobile together with the difference in the car's market value before the accident and after it was repaired.

In the absence of factual proof that is case specific, this court does not accept wholesale the conclusion that because an accident involving a modern day vehicle may result in undetected defects that go unrepaired, such potential circumstances will result in reluctance on the part of a prospective purchaser of a car that has been in an accident. In *Howe v Johnston*, the plaintiffs had argued that although the repairs done to their car did in fact restore the vehicle to its previous condition, they alleged that there exists in the minds of "would-be purchasers of second-hand cars, a prejudice against such as have been subjected to accidental injury, which prejudice diminishes their market value from what it would otherwise have been." (220 App Div at 171.) This argument is in essence the same argument plaintiff herein raised, an argument that this court finds was not supported by plaintiff's testimony or documentary evidence introduced at the trial herein. Furthermore, there is not a legal basis to apply the measure of damages plaintiff seeks.

The Fourth Department in the *Howe* case, relying upon a 1907 Appellate Division, Third Department, case, stated:

> "The precise question here presented has been persuasively considered by the Third Department in *Mendleson v. Van Rensselaer* (118 App. Div. 516). There a carriage, injured in an accident, had been fully repaired; the plaintiffs sought to recover, in addition to the cost of repairs, the difference between its value before the accident and after it had been repaired, upon the theory that 'a wagon that had gone through an accident would not sell for as much as it otherwise would.' In disposing of this contention, the court tersely stated the reason for holding otherwise in the following language: 'As to the carriage, aside from the repairs, the alleged damage was purely fanciful and not worthy of consideration.'" (*Id.* at 171-172.)

In conclusion, this court finds that plaintiff has failed to establish a factual or legal basis for an exception to be made to the general rule regarding the measure of damages to be applied in a case involving damage to a car caused by negligence. Plaintiff's car was repaired, and he was reimbursed by defendant for the cost of those repairs. Plaintiff is thus not entitled to also recover for the alleged difference in the market value of his vehicle immediately before and immediately after the subject accident.

Accordingly, plaintiff's claim is denied and this action is dismissed.