■ THOMAS PAULSON, Respondent, v DIMITRIOS G. KOTSILIMBAS, Defendant, and ROBERT CAMPAN, Appellant.

This action for assault and battery arose from an incident at a gasoline service station where plaintiff was employed. The complaint alleges that defendant Campan "maliciously assaulted, beat and repeatedly struck plaintiff with a knife and his fists", causing "severe disabling and extensive temporary and permanent bodily injuries" and rendering plaintiff unable to attend to his usual occupation.

Defendant Campan counterclaimed, alleging that plaintiff "willfully, wontonly [sic], maliciously and recklessly assaulted and beat the defendant". Campan demanded dismissal of the complaint and judgment on the counterclaim.

Defendant Campan was charged with criminal assault in the first degree, criminal possession of a weapon in the fourth degree and reckless endangerment in the second degree. On July 27, 1982, after a jury trial in the Criminal Court of the City of New York, Queens County, he was convicted of assault in the first degree and criminal possession of a weapon in the fourth degree and sentenced. Thereafter, plaintiff moved for summary judgment on the issue of liability in this action based upon Campan's conviction. Summary judgment in favor of plaintiff as to liability was granted without opposition by order of the Supreme Court, Queens County, on March 7, 1983, and an assessment of damages was directed.

There was then pending in New York County a medical malpractice action brought by plaintiff against defendant Dr. Dimitrios G. Kotsilimbas in connection with the doctor's treatment of plaintiff for the injuries sustained in the stabbing in

Queens County. By order entered April 19, 1984, the two actions were consolidated in the Supreme Court, New York County.

On February 11, 1986 the action against the doctor was settled and an inquest was apparently held before Justice Freedman. There was no appearance by defendant Campan. It does not appear from the record whether or not defendant was on notice that an inquest was to be held on that day. The court granted judgment against Campan in the sum of $1 million compensatory damages and $1 million punitive damages, together with interest and costs.

The record is barren of any evidence as to the basis for such judgment. Nothing appears in this record as to whether testimony was taken, and if so, to what extent. Defendant Campan's motion to vacate the order granting judgment to plaintiff was denied on the ground that said defendant "failed to set forth either an excusable default or a meritorious defense."

Although no clear excuse was proffered for the default, nor any explanation provided as to what, if any, notice was given to defendant Campan, plaintiff was still bound to present proof of damages. The issue is not the existence of a meritorious defense, already resolved against this defendant on the summary judgment motion, but rather the extent of plaintiff's damages. Where there has been a default in appearing or answering, or summary judgment has been granted on the issue of liability and an inquest directed, it is still necessary to present proof of damages (*Wine Antiques v St. Paul Fire & Mar. Ins. Co.*, 40 AD2d 657; see, CPLR 3215). The order granting summary judgment as to liability and directing an inquest as to damages is not a determination that plaintiff is entitled to the damages alleged in his complaint. Nor does this defendant's failure to appear at the inquest constitute an admission that plaintiff was entitled to recover such sums (*Kraus Bros. v Hoffman & Co.*, 99 AD2d 401, 403). Even in the case of a default upon inquest and assessment, plaintiff is required to prove the actual damages sustained. Concur—Sullivan, J. P., Carro, Fein, Milonas and Ellerin, JJ.