■ MURRAY S. BABBITT, Respondent, v ADELINE M. MARAIA, Appellant.—In an action to recover damages for injury to property damage resulting from an automobile accident, the defendant appeals from a judgment of the Supreme Court, Nassau County (Modugno, J.H.O.), dated September 2, 1988, which, upon a nonjury verdict finding that she was 100% at fault in the happening of the accident, was in favor of the plaintiff and against her in the principal sum of $5,805.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff brought this action to recover for property damage sustained when the defendant drove her car past a red light and struck his 1978 Dodge truck. On appeal, the defendant does not dispute the Hearing Officer's determination as to liability, but argues only that the plaintiff failed to sustain his burden of proof with respect to damages and that the Hearing Officer did not use the proper measure of damages. We disagree.

"The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser" *(Johnson v Scholz,* 276 App Div 163, 164). At trial, the plaintiff, who had been in the

business of auto body repair for 30 years, testified that the cost of repairs, some of which were done by him and some by independent contractors, was approximately $6,000. Contrary to the defendant's contention, this testimony was sufficient to establish the reasonable cost of repairs *(see, Trode v Omnetics, Inc.,* 106 AD2d 808, 809; *Glazer v Quittman,* 84 Misc 2d 561). Moreover, the plaintiff also submitted a classified advertisement tending to establish that the preaccident value of his truck was $8,500, and he testified that he sold the truck for $2,000. Based on the foregoing, and in light of the defendant's failure to offer any evidence to rebut the amounts established by the plaintiff, the award of damages in the principal sum of $5,805 was not improper. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.