■ Wayne M. Harris, Appellant, v Neil Hirsch, Respondent.—Order unanimously reversed on the law and facts without costs and application granted, in accordance with the following Memorandum: In this action for specific performance of an option agreement to purchase real property or, in the alternative, for money damages, Supreme Court granted plaintiff's application for a default judgment on the issue of liability, and the matter was referred to another Judge for an assessment of damages. Following the inquest on damages, the court denied recovery upon the ground that plaintiff had not demonstrated a breach of the option agreement. That was error. Liability was established upon defendant's default and the granting of an order for a default judgment. The only issues to be decided by the Judge presiding over the assessment were whether plaintiff presented sufficient proof of damages and the amount thereof (see, McClelland v Climax Hosiery Mills, 252 NY 347, 353, rearg denied 253 NY 558; cf., Paulson v Kotsilimbas, 124 AD2d 513, 514). Plaintiff submitted sufficient proof by affidavit and a detailed appraisal report to establish that he was damaged in the sum of $61,999. Accordingly, plaintiff is entitled to have judgment entered in that amount. (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Damages.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.