■ CENTRIFUGAL ASSOCIATES, INC., Appellant, v HIGHLAND METAL INDUSTRIES, INC., Respondent. [637 NYS2d 700] —Order, Supreme Court, New York County (Louis York, J.), entered September 13, 1994, which, *inter alia*, directed entry of judgment in favor of defendant in the principal sum of $169,939, unanimously affirmed, with costs.

On this appeal from the IAS Court's order, plaintiff cannot challenge the court's ruling, during trial, to discharge the jury and convert the hearing into a nonjury trial (*see, Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133). CPLR 5501 (a) (3) does not apply absent entry of judgment. In any event, were this Court to reach the merits of the claim, we would find that plaintiff waived any right to a jury trial by failing to make objection to the ruling and by participating, without protest, in the nonjury trial (*see, Vias v Rohan*, 119 AD2d 672; *Petty v Field*, 97 AD2d 538, 539, *appeal dismissed* 61 NY2d 902). We would also find plaintiff was not entitled to a jury trial since its action was primarily equitable in nature (*see, Kaplan v Long Is. Univ.*, 116 AD2d 508, 509). Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.

■ LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents, v FAMOUS OVERSEES, INC., et al., Appellants. [638 NYS2d 298] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered November 28, 1994, which granted plaintiffs' motion for summary judgment, unanimously affirmed, without costs.

The IAS Court properly granted plaintiffs summary judgment on a contractual indemnification theory since the original complaint as pleaded gave ample notice of the transactions and occurrences from which that claim arose (CPLR 203 [f]; *see also*, CPLR 3014). The record contradicts defendants' claim that they were misled to their prejudice about plaintiffs' intent to raise such claim (*Costello Assocs. v Standard Metals Corp.*, 99 AD2d 227, 229). The individual defendant's allegations of fraudulent inducement are insufficient to raise an issue of fact as to the enforceability of the personal guarantee he signed and is presumed to have read and understood (*Pimpinello v Swift & Co.*, 253 NY 159, 162-163; *Morris v Snappy Car Rental*, 189 AD2d 115, 120, *affd* 84 NY2d 21). We have considered defendants' other contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.