OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and a new trial ordered.
In this holdover proceeding, the petition alleges that occupants are in possession as month-to-month tenants and that landlord terminated their month-to-month tenancy by serving them with a termination notice (Real Property Law § 232-b). On the return date, occupants submitted an answer, which in addition to denying the material allegations of the petition, asserts, inter alia, that they are in possession solely as contract vendees (the performance of which contract was not to be completed within 90 days after its execution [see RPAPL 713 (9)]) and that they are not month-to-month tenants. The answer also demands a jury trial and sets forth five counterclaims. After affording the parties what it denominated a “mini-trial,” at which the only testimony taken concerned the amount of unpaid use and occupancy, the court awarded landlord a final judgment of possession and the sum of $26,800.
We reverse and order a new trial. While it was essentially conceded that landlord was the owner of the subject property, it nevertheless remained landlord’s burden to prove his claim that the parties whom he sought to remove were month-to-month tenants, not merely contract vendees in possession, that their tenancy was terminated, and that they held over after the termination of their tenancy without landlord’s permission (RPAPL 711 [1]; see generally 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 30:1, at 417 [4th ed]). It appears that the court found that a tenancy existed based on a letter referred to by landlord’s counsel at the “mini-trial,” in which letter occupant Robert DiDonato purportedly acknowledged that the contract of sale had terminated and that he and his wife would remain in possession as tenants. However, the letter was neither authenticated nor admitted into evidence. Moreover, there was no testimony to establish the service of a notice terminating the alleged month-to-month tenancy. Under these circumstances, the final judgment in favor of landlord cannot be sustained.
*17 As to occupants’ jury demand, we note that occupants did not object at the “mini-trial” to the court’s failure to afford them a jury trial. In addition, occupants did not pay the jury fee. Under the circumstances, a trial by jury was waived (see UJCA 1303 [e]; Centrifugal Assoc. v Highland Metal Indus., 224 AD2d 254 [1996]).
Summary proceedings are designed to be expeditious. However, the rudiments of a trial cannot be dispensed with where, as here, triable issues have been raised. In view of the foregoing, a new trial is warranted.
Rudolph, EJ., Lippman and Molía, JJ., concur.