■ Dimitrios Bitzios, Respondent, v Manolis Michelakis et al., Appellants. [932 NYS2d 521]—

In this action, the plaintiff alleged, inter alia, that the defendants breached a shareholders' agreement. A trial commenced in July 2008 and, on the plaintiff's case, the defendant Manolis Michelakis testified over the course of two days. The trial was adjourned at the request of the plaintiff's counsel, due to an illness in his family. After that, the defendants requested three adjournments, extending to March 2009, each time primarily because of an alleged illness of Michelakis's son. After another adjournment requested by the plaintiff's counsel, the trial of the action was scheduled to resume on April 28, 2009. On that date, defense counsel requested an adjournment because he was engaged in trying another matter in which a jury was deliberating. The Supreme Court offered an adjournment to the next day, but defense counsel stated that Michelakis would not be able to appear because of the alleged illness of his son. The plaintiff's counsel requested, by letter, that defense counsel furnish available dates in July 2009, but defense counsel never provided such dates. On May 20, 2009, the Supreme Court issued an order directing that the trial would resume on July 27, 2009, and continue until completed, stating:

"This situation cannot be allowed to continue.

"Accordingly, by the direction of the Administrative Judge of Queens Supreme Court, the Honorable Jeremy Weinstein, this action is set down for trial beginning Monday, July 27, 2009, and will continue on contiguous days until the trial is completed.

"No further adjournments will be permitted for any reason." Despite that unequivocal order, the defendants and the defendants' counsel failed to appear in court on July 27, 2009. The

Supreme Court thereafter granted the plaintiff's motion for a default judgment, and judgment was entered against the defendants on October 7, 2009.

The defendants moved pursuant to CPLR 5015 (a) to vacate the judgment, asserting that they had a reasonable excuse for their default and a meritorious defense to the action. They also asserted that Michelakis was required to appear in court on July 27, 2009, on another matter, and that their counsel was also engaged in a separate court matter that day. The Supreme Court denied the motion to vacate the judgment. In finding that the defendants had offered no reasonable excuse for their default, the Supreme Court observed that neither it nor the plaintiff's counsel was informed of the unavailability of the defendants or their counsel for a trial resuming on July 27, 2009, until that day, and that the defendants had submitted no evidence substantiating their excuses for that day. Indeed, the Supreme Court noted that the defendants failed to substantiate their excuses for their unavailability for any previous adjournment date, despite the Supreme Court's repeated requests for such documentation. As well, the Supreme Court observed that the defendants' requests for adjournments were often made on the adjourned date itself, without prior notification to the Supreme Court or opposing counsel. The Supreme Court also concluded that the defendants failed to establish that they had a potentially meritorious defense in the action. The defendants appeal.

Under the circumstances, the Supreme Court properly concluded that the defendants failed to demonstrate a reasonable excuse under CPLR 5015 (a) for their default, and, indeed, for their pattern of willful delay and neglect (see *Campbell-Jarvis v Alves*, 68 AD3d 701, 702 [2009]; *Foster v Gherardi*, 201 AD2d 701, 702 [1994]; cf. *DePompo-Seff v Genovese Drug Stores, Inc.*, 13 AD3d 109 [2004]; *Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573, 574-575 [2004]; *Burns v Casale*, 276 AD2d 734 [2000]). In light of that failure, we need not address whether the defendants established the existence of a potentially meritorious defense (see *Deutsche Bank Natl. Trust Co. v Rudman*, 80 AD3d 651, 652 [2011]).

The Supreme Court, however, should not have assessed damages without conducting an inquest (cf. *Paulson v Kotsilimbas*, 124 AD2d 513, 514 [1986]), and we therefore reverse the order, grant the motion, vacate the judgment, and remit the matter to the Supreme Court, Queens County, for that purpose, and for the entry of an appropriate judgment thereafter. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.