Loretta Rowan, Respondent,
against
Scott Skorobahaty, Appellant.




Randall B. Smith, P.C. (Randall B. Smith, Esq.), for appellant.
Loretta Rowan, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Southampton, Suffolk County (Andrea H. Schiavoni, J.), entered May 21, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,178.99.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Justice Court for the entry of a judgment in favor of defendant dismissing the action.
At a nonjury trial in this small claims action, plaintiff testified that her vehicle had been totaled in a collision, and it was undisputed that defendant had caused the accident; that plaintiff's insurance company had determined that the vehicle was a total loss and had paid the value of the vehicle, less the deductible, directly to the lienholder on the car loan for the vehicle; and that the payment was less than the outstanding balance due on the loan.[FN1]
Plaintiff sought to recover the difference between the insurance payment and the outstanding balance of her loan. Following the trial, the Justice Court awarded plaintiff the principal sum of $2,163.99.

In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 

Generally, "when property is wrongfully damaged through a defendant's negligent acts, the tort law goal is to indemnify the owner for the pecuniary loss which is the actual, reasonable and proximate result of the act complained of" (see Lee S. Kreindler et al., New York Law of Torts § 21:89 [West's NY Prac Series, August 2016 update]). "Where [an] automobile is totally destroyed[,] the measure of damages is its reasonable market value immediately before destruction" (Gass v Agate Ice Cream, Inc., 264 NY 141, 144 [1934]; see also Aurnou v Craig, 184 AD2d 1048, 1049 [1992]; Babbitt v Maraia, 157 AD2d 691 [1990]; Owens v State of New [*2]York, 96 AD2d 630, 631 [1983]; Senatore v Wellington, 47 Misc 3d 145[A], 2015 NY Slip Op 50700[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Since defendant's negligence resulted in the total destruction of plaintiff's vehicle, defendant is liable for the fair market value of plaintiff's vehicle at the time of the accident. Contrary to plaintiff's contention, the outstanding balance on her car loan is not an actual, reasonable and proximate result of defendant's negligence. The loan was an independent obligation of plaintiff's which arose before the accident and existed after the accident, and defendant "could not reasonably have been expected to foresee . . . that plaintiff's car loan exceeded the value of her car" (Senatore v Wellington, 47 Misc 3d 145[A], 2015 NY Slip Op 50700[U], *1). Consequently, we find that the judgment in favor of plaintiff failed to render substantial justice between the parties according to the rules and principles of substantive law (see UJCA 1804, 1807).

Accordingly, the judgment is reversed and the matter is remitted to the Justice Court for the entry of a judgment in favor of defendant dismissing the action. 

Iannacci, J.P., Tolbert and Brands, JJ.,concur.

Decision Date: April 12, 2017



Footnotes

Footnote 1:In her small claims complaint form, plaintiff stated that she "was awarded 100% of [her] deductible in her inter-company arbitration."