■ ADA OPARAJI et al., Appellants, v 245-02 MERRICK BLVD, LLC, et al., Respondents, et al., Defendant. [54 NYS3d 408]—

Appeal from a judgment of the Supreme Court, Queens County (Orin R. Kitzes, J.), entered January 13, 2015. The judgment dismissed the complaint insofar as asserted against the defendants 245-02 Merrick Blvd, LLC, Esh Management, LLC, Robin Eshaghpour, Elena Eshaghpour, Sutphin Management Corp., Sutphin Tiana Realty, LLC, Sutphin Hampton Realty, LLC, Sutphin Moriches Realty, LLC, Sutphin Hollis Realty, LLC, Esh Acquisitions, LLC, 90-57 Sutphin Realty, LLC, 90-59 Sutphin Realty, LLC, and Superior Concrete & Masonry Corp., upon a damages inquest.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiffs commenced this action to recover damages for injuries to their real and personal property. The action was commenced against the owners and developers of real property that is adjacent to the plaintiffs' property, and against several contractors who performed work at that site. The plaintiffs allege that, in 2008, the defendants constructed a fence that infringed upon their property. The plaintiffs further allege that, in the course of the fence construction, the defendants caused damage to their real property and certain items in their yard, including trees, vehicles, and personal property contained in those vehicles.

In an order entered May 30, 2013, the Supreme Court granted the motion of the plaintiff Maurice Oparaji for leave to enter a default judgment against the defendants Superior Concrete & Masonry Corp. and Steven B. Rabinoff Architect, P.C. In an order dated May 30, 2014, the court granted the plaintiffs' cross motion for leave to enter a default judgment against the defendants 245-02 Merrick Blvd, LLC, Esh Management, LLC, Robin Eshaghpour, Elena Eshaghpour, Sutphin Management Corp., Sutphin Tiana Realty, LLC, Sutphin Hampton Realty, LLC, Sutphin Moriches Realty, LLC, Sutphin Hollis Realty, LLC, Esh Acquisitions, LLC, 90-57 Sutphin Realty, LLC, and 90-59 Sutphin Realty, LLC.

The Supreme Court conducted a damages inquest on November 24, 2014. At the conclusion of the inquest, the court found that the plaintiffs had presented "absolutely no evidence" substantiating their claimed damages as, inter alia, there was "no testimony whatsoever" establishing the value of the property at the time of the loss. Consequently, the court entered

judgment dismissing the complaint insofar as asserted against the defendants who appeared at the inquest. The plaintiffs appeal.

At the inquest, the plaintiffs bore the burden of setting forth a prima facie case as to damages (see *Vested Bus. Brokers, Ltd. v Ragone*, 131 AD3d 1232, 1234-1235 [2015]; see also *Kotlyar v Strogov*, 58 AD3d 693 [2009]). " 'The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser' " (*Babbitt v Maraia*, 157 AD2d 691, 691 [1990], quoting *Johnson v Scholz*, 276 App Div 163, 164 [1949]; see *Ever Win, Inc. v 1-10 Indus. Assoc.*, 111 AD3d 884, 886 [2013]; *Parkoff v Stavsky*, 109 AD3d 646, 647-648 [2013]). Where property is totally destroyed, the measure of damages is the reasonable market value of the property immediately prior to its destruction (see *Reed v Cornell Univ.*, 138 AD3d 816, 818 [2016]). Here, the plaintiffs failed to submit any evidence showing the value of the subject property at the time of the alleged loss.

Moreover, the plaintiffs waived their right to a jury at the inquest. Although the plaintiffs requested a jury trial in their respective notes of issue, they did not object when the Supreme Court proceeded to conduct the inquest without a jury. Consequently, the plaintiffs waived their request for a jury trial (see *Centrifugal Assoc. v Highland Metal Indus.*, 224 AD2d 254 [1996]; *Vias v Rohan*, 119 AD2d 672 [1986]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.