Annette Athanasatos, Appellant,
against
Patrick W. Johnson, Esq., Respondent.




Annette Athanasatos, appellant pro se.
Patrick W. Johnson, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered October 17, 2017. The judgment, after an inquest, awarded plaintiff the principal sum of $6,261.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new inquest before a different judge. 
Plaintiff retained defendant to provide her with legal representation in a property dispute which also concerned her son, John Athanasatos, and paid defendant a $10,000 retainer. She subsequently terminated defendant's employment, requested a refund of the unused portion of her retainer, and, after being refused, sought arbitration of her fee dispute pursuant to the New York State Fee Dispute Resolution Program (see Rules of Chief Admin of Cts [22 NYCRR] Part 137). Plaintiff was dissatisfied with the arbitration award, and therefore commenced this action for a de novo review of her claim (see Rules of Chief Admin of Cts [22 NYCRR] § 137.8 [a]), seeking the principal sum of $10,000. Defendant denied liability and asserted a counterclaim. The record reflects that the matter was set down for trial on September 13, 2017. Defendant failed to appear, and an inquest was held.[FN1]


Plaintiff and her son appeared at the inquest and provided the court with a number of documents, including defendant's invoice for $3,739 and a copy of plaintiff's cancelled check to defendant for a $10,000 retainer, which documents were not marked as exhibits or authenticated but are nevertheless included in the record. Plaintiff testified that she had been ill and indicated that her son could better explain her claim, following which Mr. Athanasatos began to testify concerning the underlying transaction and plaintiff's objections to defendant's invoice. He stated that, despite plaintiff's and his demands, defendant had failed to return any portion of the retainer. The trial court curtailed his testimony, commenting that it had sufficient documents to make a determination, and thereafter rendered a judgment in favor of plaintiff in the principal sum of $6,261, which constitutes the difference between the retainer plaintiff paid and the amount of defendant's invoice. Plaintiff appeals on the ground of inadequacy.

While a plaintiff must, at an inquest, prove the actual damages he or she sustained (see Ferndanez v Atias, 50 Misc 3d 127[A], 2015 NY Slip Op 51864[U] [App Term, 1st Dept 2015]; see also Bitzios v Michelakis, 89 AD3d 779, 781 [2011]; Paulson v Kotsilimbas, 124 AD2d 513, 514 [1986]), where the plaintiff seeks the refund of a retainer fee paid to an attorney, upon establishing the payment of the fee and presenting evidence that the attorney did not earn the full amount thereof, the burden shifts to the attorney, who bears the ultimate burden of demonstrating the fair and reasonable value of the services rendered (see Superior Sleep Servs., Inc. v Diana Brodstein, Attorney at Law, P.C., 42 Misc 3d 142[A], 2014 NY Slip Op 50223[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; see also Jacobson v Sassower, 66 NY2d 991, 993 [1985]; Pichardo v Koenig, 62 Misc 3d 126[A], 2018 NY Slip Op 51839[U] [App Term, 1st Dept 2018]). An attorney's invoice is inadequate to establish either the legal services that were rendered, or the reasonableness of the number of hours billed and the fees charged (see Matter of Gamache v Steinhaus, 7 AD3d 525 [2004]). Here, the Civil Court improperly curtailed the testimony of Mr. Athanasatos and prohibited him from explaining plaintiff's particular objections to defendant's invoice (see Stephens v Stephens, __ Misc 3d __, 2019 NY Slip Op _____ [appeal No. 2017-1618 K C], decided herewith). Rather, the court credited defendant's invoice in its entirety. 

Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new inquest before a different judge.

PESCE, P.J., and ALIOTTA, J., concur.

WESTON, J., concurs in part and dissents in part, and votes to reverse the judgment and remit the matter to the Civil Court for a new trial in the following memorandum:

I agree with the majority that the judgment should be reversed and that the action be remitted to the Civil Court. However, unlike the majority, I conclude that the matter should be remitted for a new trial, not a new inquest. In my opinion, the court erred in holding an inquest rather than a trial de novo, as required by Rules of the Chief Administrator of the Courts (22 NYCRR) § 137.8 (a). Thus, unlike Stephens v Stephens (___ Misc 3d ___, 2019 NY Slip Op ____ [appeal No. 2017-1618 K C] [decided herewith]), where both parties were given an opportunity to present their case at trial, here, plaintiff was not. Accordingly, I vote to reverse the judgment and remit the matter for a new trial.

Pursuant to the Notice of Arbitration Award, plaintiff could seek post-award relief by either (1) moving pursuant to CPLR article 75 to vacate or modify the award within 90 days after delivery to the party, or (2) rejecting the decision of the arbitrator and commencing an action de novo in Civil Court within 30 days after the mailing of the arbitration award pursuant to 22 NYCRR 137.8.[FN2]
Here, plaintiff sought to exercise her right to de novo review of the fee dispute in the Civil Court and nothing in the record indicates that she waived that right (see Maddox v Stein, 42 Misc 3d 134[A], 2014 NY Slip Op 50057[U] [App Term, 9th & 10th Jud Dists 2014]). Defendant answered in the Civil Court action, denying liability and asserting a counterclaim. Although the record does not contain any proof that defendant defaulted pursuant to CPLR 3215, the Civil Court nevertheless opted not to hold a trial and instead proceeded with an inquest. The court erred in deeming the proceeding an inquest and in curtailing plaintiff's presentation of the evidence, which was essential to demonstrating the fair and reasonable value of the services rendered (see Superior Sleep Services, Inc. v Diana Brodstein, Attorney at Law, P.C., 42 Misc 3d 142[A], 2014 NY Slip Op 50223[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; see also Pichardo v Koenig, 62 Misc 3d 126[A] 2018 NY Slip Op 51839[U] [App Term, 1st Dept 2018]; cf. Stephens v Stephens, ___ Misc 3d ___, 2019 NY Slip Op ____ [appeal No. 2017-1618 K C] [decided herewith]). On this record, I agree to reverse the judgment, but would remit the matter for a new trial.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 31, 2019



Footnotes

Footnote 1: The transcript of September 13, 2017 establishes that the names of the participants at the inquest were stated on the record, and that only plaintiff and her witness were present. Moreover, the court stated on the record that "[t]his is an inquest, not a trial." Notwithstanding the assertion of the concurring justice that the record does not contain any proof that defendant defaulted, the transcript establishes otherwise, and defendant has never claimed that there was no default. Indeed, were this court to adopt the concurring opinion, the effect of its decision would be to vacate what the record indicates was a default even though defendant has not denied that he defaulted and has never moved to vacate his default.

Footnote 2: The Rules of the Chief Administrator of the Courts permit "[a] party aggrieved by [an] arbitration award [to] commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed" (Rules of Chief Admin of Cts [22 NYCRR] § 137.8 [a]).