King v Daniel Shoes, Inc. (2020 NY Slip Op 01151)





King v Daniel Shoes, Inc.


2020 NY Slip Op 01151


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-10611
 (Index No. 13080/12)

[*1]Shellon King, et al., respondents,
v
Daniel Shoes, Inc., et al., appellants.


Morris Fateha, Brooklyn, NY, for appellants.
The Clancy Law Firm, P.C., New York, NY (Donna H. Clancy of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for sexual harassment and hostile work environment, the defendants appeal from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated July 3, 2018. The order denied the defendants' motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated October 4, 2017, in effect, awarding judgment in favor of the plaintiffs and against the defendants on the issue of liability pursuant to 22 NYCRR 202.27(a), upon the defendants' failure to appear ready to proceed to trial, and setting the matter down for an inquest on the issue of damages.
ORDERED that the order dated July 3, 2018, is affirmed, with costs.
In 2012, the plaintiffs commenced this action, inter alia, to recover damages for sexual harassment and hostile work environment. The defendants joined issue, after which the parties proceeded with discovery. The action was placed on the trial calendar and jury selection was scheduled for October 11, 2017. On October 2, 2017, the defendants' attorney sought to adjourn the scheduled jury selection date from October 11, 2017, to November 6, 2017. The court accommodated the attorney's request to the extent of avoiding the specific days upon which he was unavailable, but the court refused to delay the case another month, and scheduled jury selection for October 4, 2017. The court advised the attorneys that there would be no further adjournments for any reason, except for a medical or personal emergency.
On the morning of October 4, 2017, the defendants' attorney of record failed to appear, and instead sent a per diem attorney on his behalf only to obtain an adjournment. The per diem attorney did not provide an affirmation of engagement of the defendants' attorney of record, but sought an adjournment on the ground that the defendants' attorney was not prepared for trial in the case. The trial judge telephoned the defendants' attorney from the bench, and informed him that unless an attorney appeared for the defendants ready to commence jury selection by 11:45 a.m., the court would enter a default against the defendants and set the matter down for an inquest on the issue of damages. The defendants' attorney stated that he would send an attorney to commence jury selection by 1:00 p.m. Although the court and the plaintiff's counsel waited until 1:00 p.m., no one appeared on the defendants' behalf to commence jury selection. In an order dated October 4, 2017, the court, in effect, awarded judgment in favor of the plaintiffs and against the defendants on the [*2]issue of liability pursuant to 22 NYCRR 202.27(a), and set the matter down for an inquest on the issue of damages.
The defendants moved pursuant to CPLR 5015(a)(1) to vacate the October 4, 2017, order, arguing that they had a reasonable excuse for their default and a meritorious defense to the action. In support of the motion, the defendants' attorney asserted that he was unable to come to court on October 4, 2017, because he was at a real estate closing. In an order dated July 3, 2018, the Supreme Court denied the motion. The court noted, among other things, that during the extensive scheduling discussions held on October 2, 2017, the defendants' attorney did not mention any potential scheduling conflict with October 4, and it was not until the instant motion papers that the conflict was first disclosed. The defendants appeal.
In order to vacate the October 4, 2017, order, the defendants were required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]; Polsky v Simon, 145 AD3d 693; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680). Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court (see Westchester Med. Ctr. v Izzo, 175 AD3d 538, 539; Walker v Mohammed, 90 AD3d 1034). Under the circumstances, the court did not improvidently exercise its discretion in concluding that defendants failed to demonstrate a reasonable excuse for their default in appearing ready to proceed with trial (see Bernstein v Geiss, 111 AD3d 774, 775; Bitzios v Michelakis, 89 AD3d 779, 781). In light of that failure, we need not address whether the defendants established the existence of a potentially meritorious defense (see Vardaros v Zapas, 105 AD3d 1037, 1038; Bitzios v Michelakis, 89 AD3d at 781).
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court