Bartlett v Rosenthal (2020 NY Slip Op 51305(U))

[*1]

Bartlett v Rosenthal

2020 NY Slip Op 51305(U) [69 Misc 3d 138(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-1553 K C

Patrick Bartlett, Appellant, 
against
Scott Rosenthal, Respondent. 

Patrick Bartlett, appellant pro se.
Balsamo & Rosenblatt, for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Sandra
E. Roper, J.), entered March 18, 2019. The judgment, after an inquest, dismissed the
complaint.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $19,500 for damage to, and
loss of, personal property. Following an inquest at which defendant failed to appear, the Civil
Court dismissed the complaint, finding that plaintiff failed to prove a prima facie case. 
Where, as here, a defendant has defaulted in appearing and an inquest is conducted, it is still
necessary for the plaintiff to present proof of damages at the inquest (see Oparaji v 245-02 Merrick Blvd,
LLC, 149 AD3d 1091, 1092 [2017]; Paulson v Kotsilimbas, 124 AD2d 513, 514
[1986]; Fernandez v Atias, 50 Misc
3d 127[A], 2015 NY Slip Op 51864[U] [App Term, 1st Dept 2015]). While plaintiff
testified at the inquest that defendant had destroyed and taken away from him his "property,"
plaintiff's testimony was not clear as to what the "property" consisted of, and plaintiff failed to
provide evidence regarding, for instance, any costs incurred in repairing any damaged item, the
diminished value of any damaged item and the value of any item allegedly [*2]taken away by defendant. Since plaintiff failed to establish a prima
facie case as to damages, the Civil Court properly dismissed the complaint (see Dallas v United Airlines, Inc., 58
Misc 3d 152[A], 2018 NY Slip Op 50114[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2018]; Fernandez v Atias, 50
Misc 3d 127[A], 2015 NY Slip Op 51864[U]; Jacobs v New York City Tr. Auth., 14 Misc 3d 130[A], 2007 NY
Slip Op 50022[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; Raytsin v Household Bank, N.A, 6
Misc 3d 132[A], 2005 NY Slip Op 50108[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2005]).
Accordingly, the judgment is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020