Estate of Evans v Artec Constr. & Dev. Corp. (2021 NY Slip Op 04595)





Estate of Evans v Artec Constr. & Dev. Corp.


2021 NY Slip Op 04595


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-12039
 (Index No. 24577/08)

[*1]Estate of Bennie Beble Evans, etc., appellant,
v
Artec Construction and Development Corp., defendant third-party/second third-party plaintiff- respondent, Mother Gaston Housing Development Fund Company, Inc., defendant second third-party plaintiff-respondent; C.J.L. Construction, Inc., third- party defendant/third third-party plaintiff-respondent; Certified Testing Laboratories, Inc., second third-party defendant-respondent; Falco Construction Corp., third third-party defendant-respondent.


The Wilson Law Firm, LLC, Brooklyn, NY (Earl Antonio Wilson of counsel), for appellant.
Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Maurizio Savoiardo of counsel), for defendant third-party/second third-party plaintiff-respondent and defendant second third-party plaintiff-respondent.
Gallagher, Walker, Bianco & Plastaras, LLP, Mineola, NY (Michael R. Walker of counsel), for third-party defendant/third third-party plaintiff-respondent.
White & McSpedon, P.C., New York, NY (Zena Goldszer of counsel), for second third-party defendant-respondent.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for third third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for injury to property, the plaintiff appeals from a judgment of the Supreme Court, Kings County (David B. Vaughan, J.), dated August 25, 2017. The judgment, upon an order of the same court dated June 22, 2016, inter alia, granting those branches of the motion of the second third-party defendant-respondent, joined in by the third third-party defendant-respondent, the cross motion of the defendant third-party/second third-party plaintiff-respondent and the defendant second third-party plaintiff-respondent, and the separate cross motion of the third-party defendant/third third-party plaintiff-respondent which were for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the motion and the cross motions which were for summary judgment dismissing the complaint. The evidence submitted in support of the motion and the cross motions established, as a matter of law, that the plaintiff did not sustain damages (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; see also Oparaji v 245-02 Merrick Blvd LLC, 149 AD3d 1091). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court