Serghei v Jusupov (2023 NY Slip Op 51255(U))

[*1]

Serghei v Jusupov

2023 NY Slip Op 51255(U)

Decided on November 13, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-997 K C

Deadic Serghei, Appellant, 
against
Azamat Jusupov, Respondent. 

Deadic Serghei, appellant pro se.
Azamat Jusupov, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Rupert V. Barry, J.), entered July 27, 2022. The judgment, after an inquest, dismissed the complaint.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $22,500.
Plaintiff commenced this action to recover the principal sum of $22,500 for, essentially, a loan he had allegedly made to defendant which was not repaid. After defendant failed to timely appear or answer the complaint, an inquest was held, at which plaintiff testified that he wire-transferred a total of $22,500 to defendant for his business, that defendant had promised to return the money in two months, and that plaintiff never got his money back. Regarding the wire transfer, plaintiff testified that, when he went to the bank, "they told [him] the number of [defendant's] account" and provided a document memorializing the transfer to that account number. Plaintiff provided the court with this document and further testified that, after the transfer, defendant had orally confirmed to plaintiff his receipt of the money. Following the inquest, the Civil Court dismissed the complaint, finding that plaintiff failed to present evidence to support his claim.
Generally, to establish a prima facie case to recover money loaned, a plaintiff must prove the existence of the loan, the promise to repay, and nonpayment (see Manufacturers & Traders Trust Co. v True-Tone Sound, 288 AD2d 951 [2001]; Discover Bank v Raytsin, 4 Misc 3d 126[A], 2004 NY Slip Op 50590[U] [App Term, 1st Dept 2004]; see generally 83 NY Jur 2d, [*2]Payment and Tender § 153). Where, as here, a defendant has defaulted in appearing and an inquest is conducted, it is still necessary for the plaintiff to establish damages at the inquest (see Oparaji v 245-02 Merrick Blvd, LLC, 149 AD3d 1091, 1092 [2017]; Paulson v Kotsilimbas, 124 AD2d 513, 514 [1986]; Bartlett v Rosenthal, 69 Misc 3d 138[A], 2020 NY Slip Op 51305[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Uniform Rules for the New York City Civil Court (22 NYCRR) § 208.32 (b) provides that, in actions where an inquest must be taken, "the party seeking damages may submit the proof required by oral testimony of witnesses in open court," which was the case herein.
In reviewing the record, we find that the Civil Court erred in dismissing the complaint after the inquest because plaintiff's testimony, along with his documentary evidence, established a prima facie case against defendant for liability and damages (see Austria v Thorpe, 62 Misc 3d 140[A], 2019 NY Slip Op 50062[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Ghelani v Abuhamdeh, 59 Misc 3d 135[A], 2018 NY Slip Op 50511[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Aristilde v Parsley, 1 Misc 3d 127[A], 2003 NY Slip Op 51539[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $22,500.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2023