Wolt v T-Mobile (2024 NY Slip Op 51403(U))

[*1]

Wolt v T-Mobile

2024 NY Slip Op 51403(U)

Decided on October 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570354/24

Danna Gal Wolt, Plaintiff-Appellant, 
against
T-Mobile, Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, New York County (Richard A. Tsai, J.), entered on April 7, 2023, after an inquest, in favor of defendant dismissing the action.

Per Curiam.
Judgment (Richard A. Tsai, J.), entered on April 7, 2023, affirmed, without costs.
The record establishes that the inquest court applied the appropriate rules and principles of substantive law and accomplished "substantial justice" (CCA §§ 1804, 1807) in rejecting plaintiff's claim for damages stemming from the temporary loss of data on her cell phone and dismissing the within small claims action for lack of proof (see Williams v Roper, 269 AD2d 125 [2000], lv dismissed 95 NY2d 898 [2000]). Where there has been a default in appearing or answering and an inquest is directed, it is still necessary to present proof of damages (see Paulson v Kotsilimbas, 124 AD2d 513, 514 [1986][even in the case of a default upon inquest and assessment, plaintiff is required to prove the actual damages sustained]). Absent from the record was any evidence showing that plaintiff incurred $10,000 in costs due to the temporary loss of her data, particularly given that the court found plaintiff's testimony in this regard to be "not credible." We also agree that the damages sought by plaintiff were not reasonably foreseeable or within the contemplation of the parties to the cell phone contract (see Kenford Co. v County of Erie, 73 NY2d 312, 319 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 15, 2024