Fraser v Royal Shipping Lines US, LLC (2025 NY Slip Op 51174(U))

[*1]

Fraser v Royal Shipping Lines US, LLC

2025 NY Slip Op 51174(U)

Decided on July 18, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-813 K C

Khadeem J. Fraser, Appellant,
against
Royal Shipping Lines US, LLC, Respondent. 

Khadeem J. Fraser, appellant pro se.
Royal Shipping Lines US, LLC, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Brian L. Gotlieb, J.), entered July 22, 2024. The judgment, after an inquest, awarded plaintiff the principal sum of $3,300.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $28,000 for, among other things, failure to pay wages. Following an inquest at which defendant failed to appear, the Civil Court awarded plaintiff the total sum of $3,300. Plaintiff appeals on the ground of inadequacy.
Where, as here, a defendant defaults in appearing and an inquest is conducted, it is still necessary for the plaintiff to present proof of damages at the inquest (see Oparaji v 245-02 Merrick Blvd, LLC, 149 AD3d 1091, 1092 [2017]; Paulson v Kotsilimbas, 124 AD2d 513, 514 [1986]; Bartlett v Rosenthal, 69 Misc 3d 138[A], 2020 NY Slip Op 51305[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Fernandez v Atias, 50 Misc 3d 127[A], 2015 NY Slip Op 51864[U] [App Term, 1st Dept 2015]). Plaintiff testified at the inquest that defendant had given him a "home shipping job for a month" and "at the end of the month, I just wasn't paid" and submitted evidence that his fixed monthly payment was $3,300. Thus, plaintiff established a prima facie case as to damages in the sum of $3,300. As plaintiff failed to establish a prima facie case for any other alleged damages, the Civil Court properly awarded plaintiff only $3,300 (see Bartlett v Rosenthal, 2020 NY Slip Op 51305[U]; Fernandez v Atias, 2015 NY Slip Op 51864[U]; Dallas v United Airlines, Inc., 58 Misc 3d 152[A], 2018 NY Slip Op 50114[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Jacobs v New York City Tr. Auth., 14 Misc 3d 130[A], 2007 NY Slip Op 50022[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; Raytsin v Household Bank, N.A., 6 Misc 3d 132[A], 2005 NY Slip Op 50108[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
Accordingly, the judgment is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 18, 2025