Douglas Elliman of LI, LLC v Baksh (2026 NY Slip Op 00118)

Douglas Elliman of LI, LLC v Baksh

2026 NY Slip Op 00118

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-05559
 (Index No. 602244/19)

[*1]Douglas Elliman of LI, LLC, etc., appellant,
vDebby Baksh, et al., respondents.

Lieb at Law, P.C., Smithtown, NY (Claudia Cannam and Mordy Yankovich of counsel), for appellant.
Seddio & Associates, P.C. (Abrams Fensterman, LLP, Brooklyn, NY [Anthony J. Genovesi], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated April 5, 2023. The order denied the plaintiff's motion to vacate an order of the same court dated September 7, 2022, directing dismissal of the complaint upon the plaintiff's failure to appear at a conference.
ORDERED that the order dated April 5, 2023, is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants joined issue, and following motion practice, the parties were directed to appear for a compliance conference on April 26, 2022. The parties stipulated to adjourn the conference to May 10, 2022, and thereafter stipulated to adjourn the conference to September 7, 2022. By order dated July 27, 2022, the Supreme Court directed that the parties must appear for the compliance conference on September 7, 2022, advising them that there would be no further adjournments without written order of the court and that nonappearance could subject the nonappearing party to one or more of the sanctions pursuant to 22 NYCRR 202.27. On or about September 7, 2022, the parties stipulated to adjourn the conference. Upon the parties' failure to appear, the court directed dismissal of the plaintiff's complaint pursuant to 22 NYCRR 202.27 in an order dated September 7, 2022.
Thereafter, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the order dated September 7, 2022, arguing that it had a reasonable excuse for its default in appearing at the conference and a meritorious cause of action. In support of the motion, the plaintiff's attorney asserted that the plaintiff's failure to appear was due to its mistaken belief that the defendants' request to the plaintiff for an adjournment resulted in an adjournment of this matter. By order dated April 5, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"In order to vacate a default in appearing at a scheduled court conference, a party must demonstrate both a reasonable excuse for the default and a potentially meritorious defense or cause of action" (Advanced Remodeling of Long Is., Inc. v Monahan, 175 AD3d 1361, 1362; see CPLR 5015[a][1]; Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669). Whether an excuse is [*2]reasonable is a determination within the sound discretion of the court (see Ki Tae Kim v Bishop, 156 AD3d 776, 777; Young Su Hwangbo v Nastro, 153 AD3d 963, 965), and the court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue (see Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915; Swensen v MV Transp., Inc., 89 AD3d 924, 925).
Here, as the parties were on specific notice of the potential sanctions for nonappearance at the conference, the Supreme Court's rejection of the plaintiff's proffered excuse was a provident exercise of its discretion (see King v Daniel Shoes, Inc., 180 AD3d 883, 883-884). Since the plaintiff failed to demonstrate a reasonable excuse for its default in appearing, this Court need not consider whether it demonstrated a potentially meritorious cause of action (see Campbell v Dwyer, 185 AD3d 777, 778; Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1253).
The plaintiff's remaining contention is without merit.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court